UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                Plaintiff,

     v.

CITY OF ELMIRA, et al.,

                Defendants.

_____

<u>DECISION & ORDER</u>

18-CV-6572FPG

## <u>PRELIMINARY STATEMENT</u>

On August 10, 2018, *pro se* plaintiff Christopher M. Murphy commenced this action against the City of Elmira and its employees Ottavio Campanella, Matthew Buzzetti, Timothy Overly and Joseph Martino. (Docket ## 1, 9, 10). The complaint alleges violations of the Fourth and Fourteenth Amendments arising from a criminal prosecution of Murphy. (*Id.*). The City of Elmira was dismissed from the action by Decision & Order dated February 12, 2020. (Docket # 10).

Currently pending before this Court is Murphy's motion to compel responses to written discovery demands he propounded to defendants on October 8, 2020. (Docket # 39). In his motion, Murphy also seeks sanctions and an extension of the scheduling order. (*Id.* at 21). Also pending are defendants' motion to extend the dispositive motion deadline (Docket # 58), a renewed motion to compel filed by Murphy (Docket # 52), and several motions by Murphy seeking extensions of time to file various submissions (Docket ## 53, 67).

## BACKGROUND

The central dispute underlying the motions concerns Murphy's attempts to obtain responses to discovery demands he served on October 8, 2020.  Resolution of this rather simple dispute is unnecessarily complicated by several factors, including: (1) Murphy's prolix and repetitive filings; (2) the multiple lawsuits pending before the Court involving some of the same parties and counsel; and, (3) the parties' failure to fulfill their obligations to confer in good faith to resolve disputes prior to seeking judicial intervention.

At the time the pending motions were filed, Murphy was a plaintiff in three cases pending in this district involving claims against the City of Elmira or Chemung County and their respective employees.  (*See* 17-CV-6339, 18-CV-6572, 18-CV-6628).[1]  In the three cases, the County defendants are represented by Barclay and Damon attorneys Kayla Arias, Esq., and Paul Sanders, Esq., and the City defendants are represented by attorneys Jeremy J. Hourihan, Esq., and/or Bryan J. Maggs, Esq., from the Bryan J. Maggs Law Office.[2]  It is evident from the Court's review of the submissions in this case that the parties' practice of conflating the pending cases in their communications and court filings have caused misunderstandings, delays, and avoidable disputes.  Further compounding these problems are Murphy's multiple, repetitive, and prolix filings, many of which violate applicable procedural rules and discuss irrelevant matters involving the companion cases.[3]  (Docket ## 39, 49, 50, 52, 52-1, 53, 64, 65, 66, 67).  Finally,

---

[1]  The 2017 action was terminated on November 10, 2021 by judgment in favor of the defendants.  (*See* 17-CV-6339, Docket # 103).

[2]  Further complicating matters, Maggs is a defendant in one of the cases, 18-CV-6628.  In his motion to compel, Murphy suggests that Maggs and Hourihan are conflicted from representing the defendants in this case and the 2017 case.  (Docket # 39 at 11; *see also* Docket # 52 at 57).  To the extent Murphy seeks to disqualify Hourihan or the Maggs Law Office from representing defendants in this case, he must file a separate motion identifying the legal and factual basis for such relief.

[3]  Murphy's filings total approximately 924 pages.  (Docket ## 39, 49, 50, 52, 53, 64, 65, 66, 67).  Several of Murphy's submissions violate the provisions of this Court's local rules governing the filing of motions.  *See*

the parties' failure to communicate with each other effectively and clearly regarding the disputes, and defendants' apparent and inexplicable failure to timely respond to Murphy's discovery demands, has culminated in the multiple pending motions comprising nearly one thousand pages in filings.

On October 8, 2020, Murphy served interrogatories and documents requests on defendants.  (Docket # 39 at 4 and Exhibits ("Exs.") A-G).  Hourihan represents that plaintiffs' discovery demands were served without a cover letter identifying this case.  (Docket # 43 at ¶ 9). Instead, according to Hourihan, Murphy enclosed the demands in a package that included a letter to Sanders with a subject line referencing the 2017 case and enclosing approximately 130 pages of documents produced in that case.  (*Id.* at ¶ 9 and Ex. A).  According to Hourihan, the entire packet was placed in his office's file for the 2017 case, and the demands were not discovered until much later.  (*Id.* at ¶ 9).

On December 3, 2020, Murphy wrote defendants' counsel advising that he had not received any response to his discovery demands and requesting a conference to discuss the delinquency.  (Docket # 39 at Ex. H).  The subject line of the letter referenced both this case and another of his cases.  (*Id.*).  Counsel for defendants did not attempt to schedule a conference; rather, they responded two months later by letter dated February 5, 2021.  (Docket # 39 at 5). The subject line of the letter referenced only the other case, 18-CV-6628.  (*Id.*).  The letter enclosed defendants' Rule 26 initial disclosures and represented that responses to Murphy's discovery demands would be provided two weeks later.  (*Id.*).

---

W.D.N.Y. Local Rule 7.  For instance, contrary to Local Rule 7(a)(3), Murphy's declarations in support of his motions or in opposition to defendants' motion (Docket ## 39, 52, 64) contain legal arguments.  It appears that Murphy attempted to address this violation in his most recent filings (*compare* Docket # 64 *with* Docket ## 65, 66, 67; *see also* Docket # 67 at ¶ 8 ("I . . . plan[] to revise . . . the Declaration I filed on March 4th – for at least the reason that I am not unaware declarations . . . are for facts not law").  Murphy is cautioned that this Court has discretion to strike any filings that fail to comport with the local rules.

Approximately three months later, on May 10, 2021, Murphy again wrote defendants' counsel requesting a response to the outstanding discovery demands.  (Docket # 39 at Ex. I).  The subject line of the letter referenced all three then-pending cases involving Murphy, the City, and the County.  (*Id.*).  In the letter, Murphy advised counsel that he considered defendants' objections to the discovery demands to have been waived and requested a conference to discuss the outstanding discovery.  (*Id.*).

On June 2, 2021, Hourihan emailed Murphy and suggested scheduling a conference to discuss outstanding discovery in two of the pending three cases.  (Docket ## 39 at 6; 43 at ¶ 16).  According to Hourihan, Murphy did not respond to the email.  (Docket # 43 at ¶ 16).  The record does not reveal when precisely Hourihan discovered the written discovery demands Murphy had served in this case.  According to Hourihan, he found them in the case file for the 2017 case when he was preparing defendants' summary judgment motion in that case, which was filed on July 8, 2021.  (Docket # 43 at ¶ 14; *see* 17-CV-6339; Docket # 67).  Thus, Hourihan was aware of the discovery demands by no later than early July 2021.

The deadline for filing dispositive motions in this case expired on July 2, 2021; on July 8, 2021, the district court issued a text order directing the parties to submit a joint report regarding the status of the case and advising whether the case was trial ready.  (Docket # 33). The parties unsuccessfully attempted to schedule a conference to discuss a joint status report and eventually filed separate reports on August 4, 2011.  (Docket ## 34; 35; 43 at ¶¶ 17-19).  Both sides acknowledged plaintiff's outstanding discovery demands and requested extensions of the now-expired scheduling order.  (Docket ## 34, 35).  In defendants' status report, Hourihan represented that he had only recently discovered Murphy's interrogatories and represented that defendants would provide responses "in the near future."  (Docket # 34 at ¶ 8).

4

On August 11, 2021, this Court issued an amended scheduling order setting deadlines of October 11, 2021 for completion of fact discovery and January 31, 2022 for filing dispositive motions.  (Docket # 36).  More than a month passed, and defendants still did not provide responses to Murphy's discovery demands, prompting him to file the pending motion to compel on September 14, 2011.  (Docket # 39).  On October 7, 2021, defendants opposed the motion to compel and simultaneously provided written responses to Murphy's discovery demands.  (Docket # 43).

## DISCUSSION

### I.   Motion to Compel and for Sanctions

In his motion to compel, Murphy seeks an order requiring defendants to provide the outstanding responses to the interrogatories and document demands he propounded in October 2020.  (Docket # 39 at 2-3).  Murphy maintains that his repeated letters requesting a response to the outstanding demands fulfilled his obligation to confer with defendants prior to seeking relief from the Court and that he is entitled to sanctions, including a determination that defendants have waived any objections by failing to timely respond to the discovery demands and are precluded from seeking additional discovery from Murphy.[4]  (*Id.* at 12, 15-20).

Defendants oppose the motion on the grounds that Murphy's submissions fail to comply with local procedural rules requiring a notice of motion and prohibiting the inclusion of legal argument in affidavits.[5]  (Docket # 43-5 at 3-4).  Defendants also maintain that the motion

---

[4]  Murphy's submissions make clear that he does not seek other sanctions, such as the striking of defendants' answer or reimbursement of costs.  (Docket # 39 at 15-20).

[5]  In his reply submission, Murphy suggests that defendants have an obligation to serve him with hard copies of their electronic filings, contending that they improperly failed to serve him with a copy of their opposing submission.  (Docket # 49 at ¶ 85).  This is incorrect.  Murphy has consented to electronic receipt of all documents filed in this matter.  (Docket ## 38, 40, 41).

should be denied because Murphy failed to meet and confer with counsel prior to filing it.  (*Id.* at 5-6).  Finally, defendants represent that they have now responded to the outstanding discovery demands, rendering the motion moot.  (*Id.* at 3).

The parties' failure to communicate clearly about discovery disputes concerns the Court.  Not only does it violate the Federal Rules of Civil Procedure, but it directly contributes to the procedural morass before the Court.  As outlined above, the parties failed to identify clearly in their communications which of the pending lawsuits was being addressed and failed to respond timely to those communications, permitting months to elapse between responses,[6] resulting in additional miscommunications and frustrating the ability to resolve the most basic disputes.

The Court is also confounded by defendants' unexplained failure to timely respond to Murphy's discovery demands.  Accepting defendants' representation that they did not discover the demands until approximately July 8, 2021, the plausibility of which Murphy disputes, they still inexplicably delayed in communicating with Murphy and, more importantly, in providing long-overdue responses.  Instead of promptly alerting Murphy to their belated discovery of the demands and providing a date by which responses would be served, defendants remained silent.  Not until the status report filed with the Court on August 4, 2021, approximately one month after discovering the demands in their files, did defendants acknowledge the demands.  (Docket # 34).  Even then defendants did not provide a date certain for service of responses, indicating instead that the responses would be provided "in the near

---

[6]  One example is Murphy's failure to respond to Hourihan's February 5, 2021 letter requesting an extension of deadlines.  Murphy never responded to this letter, maintaining that he was not required to consent to the requested extension.  (Docket # 49 at 10-11).  While Murphy is correct that he was not required to consent to defendants' requests for extension of the scheduling order, he should have responded to the request and informed defendants of his position.

6

future." (*Id.* at ¶ 8).  Only when faced with Murphy's September 14, 2021 motion to compel did defendants finally serve the overdue responses on October 7, 2021 – approximately three months after they found them.

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, parties must serve responses and objections (if any) to document requests within thirty days of service.  *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A).  Failure to serve timely responses to discovery requests generally results in waiver of any objections.  *See Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, 2003 WL 22455224, *1 (S.D.N.Y. 2003) ("[i]f a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests"); *Land Ocean Logistics, Inc. v. Aqua Golf Corp.,* 181 F.R.D. 229, 237 (W.D.N.Y. 1998) (failure to respond to discovery requests until sixty days after responses were due waived objections).  A court nonetheless retains discretion to excuse any waiver or limit its scope.  *See Arnold v. Indep. Health Ass'n, Inc.*, 2019 WL 3955420 (W.D.N.Y. 2019) ("waiver of [plaintiff's] objections does not otherwise excuse this [c]ourt from its obligations to manage discovery in this case . . . including limiting its scope as appropriate") (quotation omitted); *Evans v. Murphy*, 2013 WL 2250709, *4 n.6 (W.D.N.Y. 2013) (declining to deem objections waived despite untimely response) (citing *Ippolito v. Goord*, 2008 WL 2776864 (W.D.N.Y. 2008)); *Williams v. Krieger*, 61 F.R.D. 142, 145 (S.D.N.Y. 1973) (defendant did not waive objections to palpably improper interrogatories despite failure to timely respond).

On this record, I agree with defendants that the portion of Murphy's motion that seeks to compel responses to his document requests and interrogatories is now moot.  *See Vega v. Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses[;] [b]ecause defendants represent that they have now

produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith v. Fischer*, 2008 WL 5129863, *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's request for admissions[;] . . . [a]ccordingly, to the extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot").  Considering, however, defendants' failure to have provided responses to those requests for months after discovering that they had been served, I determine that defendants have waived any objections on the grounds of undue burden or overbreadth.  Defendants are directed to supplement their document production and interrogatory responses on or before **October 8, 2022**, to the extent they previously withheld any information on the grounds of overbreadth or undue burden.  Additionally, to the extent they have not already done so (*see* Docket # 52 at ¶ 152), defendants must provide Murphy with a privilege log on or before **October 8, 2022**.  The Court retains its discretion to consider other objections defendants have interposed to the extent that the parties are unable to resolve any disputes they may have over the objections after making efforts to do so.

The Court reminds the parties that good faith efforts to resolve disputes is a prerequisite for filing any motions to compel, *see* Fed. R. Civ. P. 37(a)(1); the parties must make genuine efforts to resolve their disputes independently before exhausting further judicial resources.  In addition, to minimize confusion, the parties must clearly label all future communications regarding this case with the proper case number, omit references to docket numbers of other cases to which the communications do not directly apply, and avoid discussing issues involving other cases in the same communications.

## II.   <u>Renewed Motion to Compel</u>

Also pending before the Court is Murphy's "renewed" motion to compel and his motion requesting an extension of time within which to file the renewed motion.  (Docket ## 52, 53).  Murphy filed his renewed motion to compel while the original motion to compel was pending before the Court but after defendants had served their discovery responses, and it rehashes the procedural history of discovery in this case and some of the history of his other cases.  (*See* Docket # 52 at 1-29).  The remainder of the motion challenges the adequacy of defendants' responses to Murphy's interrogatories and document demands.  (*Id.* at 29-48).  Defendants oppose the motion on the grounds that it is premature because Murphy failed to meet and confer with defendants regarding any specific discovery deficiencies before filing the motion.  (Docket # 55).

To ensure that the meet and confer requirement has been satisfied, Rule 37(a)(1) obligates a party filing a motion to compel to "include a certification" that the movant has in good faith conferred or attempted to confer with the opposing party or counsel. Fed. R. Civ. P. 37(a)(1).  Murphy's moving papers do not contain the required certification. Instead, he maintains that he is "under no colorable or conceivable obligation whatsoever to meet or confer with counsel regarding discovery as a condition precedent to filing this renewed motion to compel."  (Docket # 52 at ¶ 190; *see also* ¶¶ 144-45).  I disagree.

As recounted at length above, despite months of delays and miscommunications caused by both parties, no adequate or meaningful conferral between the parties has taken place regarding any discovery disputes, let alone the particular objections that defendants interposed to plaintiffs' discovery demands.  On this record, Murphy's renewed motion to compel is denied without prejudice.  As discussed in more detail below, Murphy will be afforded additional time

to confer with defendants regarding their discovery responses and to file a properly supported

motion seeking resolution of any disputes that the parties are unable to resolve.

### III.    Extension of the Scheduling Order

Turning next to Murphy's request for a four-month extension of the fact discovery

deadline and defendants' request for an extension of the dispositive motion deadline, I find that

good cause warrants granting the requested extensions.  With respect to Murphy's request for an

extension of fact discovery, the record demonstrates that he promptly served discovery demands

following the Rule 16 conference and the issuance of the Court's initial scheduling order.

(Docket ## 26; 39 at Exs. A-G).  Despite his prompt service, they were put in a different case file

and not discovered until sometime in July 2021.

Murphy maintains that the deadline for fact discovery should be extended for him

but that defendants should not be afforded additional time to conduct discovery.  (Docket # 39 at

20).  Defendants do not appear to oppose a unilateral extension of discovery for plaintiff and

have not suggested that they require any additional discovery from Murphy.  (Docket # 42 at

¶ 21).  Indeed, defendants have represented that they are prepared to promptly file a dispositive

motion.  (Docket # 58 at ¶ 6).  Given the absence of objection or demonstrated need by

defendants, Murphy's request for an extension is granted, and this Court will issue an amended

scheduling order; during his discovery period, Murphy must promptly confer with opposing

counsel and file any motions to compel thereafter.

I also find that the parties should be permitted additional time to file dispositive

motions.  Defendants requested additional time to file their dispositive motions prior to the

expiration of the deadline and represented that additional time was necessary in order to permit

the Court to resolve Murphy's pending motions to compel.  (Docket # 58).  Although Murphy

maintains that he would be prejudiced by the deadline extension,[7] the only purported prejudice

he identifies is that he would have to respond to the dispositive motion (Docket # 64) – an

argument that does not justify denial of the requested relief.  *See Doss v. Helpenstell*, 2014 WL

12756826, *4 (W.D. Tx. 2014) ("[m]ost importantly, [p]laintiffs are unable to provide the [c]ourt

with any real legal prejudice; [p]laintiffs rely upon their pro se status . . . [and the fact that they

will be] forced to spend time and money responding to motions[,] . . . [but] the [p]laintiffs have

brought this suit . . . [and] [t]he [c]ourt finds that it is in the best interest of this case and in the

best interest of judicial economy to hear the potentially dispositive motion"); *Am. Auto. Ins. Co.

v. First Mercury Ins. Co.*, 2017 WL 3084436, *3 (D.N.M. 2017) ("a well-founded motion might

present the most efficient method for addressing the legal issues presented, the fairest

opportunity for all parties to be heard on those issues, and, ultimately, make possible a smoother,

more coherent, and briefer presentation of the case to a jury[,] . . . [and] poses no prejudice to the

opposing party where the issues raised in the belated motion must inevitably be addressed by the

court either prior to or in the course of trial") (internal quotations and alterations omitted).

Although Murphy maintains that he will be prejudiced by further delay in the resolution of this

matter, the delay has resulted from the conduct of both parties, as discussed in detail above.  On

this record, I find that good cause has been shown to extend the dispositive motion deadline and

an extended deadline will be included in the amended scheduling order.[8]

---

[7]  Murphy also filed a motion requesting permission to belatedly file a memorandum of law in support of his opposition to defendants' motion for an extension of the dispositive motion deadline.  (Docket # 67).  Defendants did not oppose the motion, and the Court discerns no reason not to grant it.  Accordingly, Murphy's motion is granted, and the Court has considered Murphy's memorandum of law (Docket # 66).

[8]  Neither party has requested to extend the deadlines for expert discovery, nor has either party indicated an intent to engage an expert in this matter.  Indeed, as noted above, defendants have represented that they are prepared to file dispositive motions.  Thus, the amended scheduling order will omit deadlines for expert discovery.  Should

## <u>CONCLUSION</u>

For the reasons discussed above, Murphy's motion to compel, for sanctions, and for an extension of fact discovery **(Docket # 39)** is **GRANTED in part and DENIED in part as MOOT**, Murphy's renewed motion to compel and for an extension of time within which to file a renewed motion to compel **(Docket ## 52, 53)** is **GRANTED in part and DENIED in part without prejudice**, Murphy's motion for an extension of time to file a memorandum of law in support of his renewed motion to compel **(Docket # 67)** is **GRANTED**, and defendants' motion for an extension of the dispositive motion deadline **(Docket # 58)** is **GRANTED**.  On or before **October 8, 2022**, defendants are directed to supplement their discovery responses and, to the extent they have not provided one, produce a privilege log.  The Court will issue an amended scheduling order.  **<u>The parties are reminded of their obligation to confer in good faith about any discovery disputes prior to filing any motions relating to those disputes</u>**.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       September 9, 2022

---

either party wish to engage an expert, they should confer with the opposing party and jointly propose deadlines for expert discovery to the Court.