UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                       Plaintiff,

      v.

CITY OF ELMIRA, et al.,

                       Defendants.
_____

DECISION & ORDER

18-CV-6572FPG

        On September 9, 2022, this Court issued a decision on several of plaintiff's then-pending motions and defendants' motion to extend the dispositive motion deadline (the "September 9 Decision"). (Docket # 70). On October 5, 2022, plaintiff filed objections to the September 9 Decision (Docket # 72), and on October 6, 2022, United States District Judge Frank P. Geraci, Jr., overruled plaintiff's objections without prejudice for failure to comply with the Local Rules of Civil Procedure for the United States District Court for the Western District of New York (the "Local Rules") (Docket # 73). Rather than refile revised objections that comply with the Local Rules, on October 30, 2022, plaintiff filed a motion for reconsideration of the September 9 Decision. (Docket # 74).

        In violation of Local Rule 7(a)(3), plaintiff's motion for reconsideration consists of, in part, a sixty-page declaration comprising factual allegations and legal argument. (*See* Docket # 74-1). In addition, plaintiff filed a twenty-four-page memorandum of law, which amounts to a pure recitation of and citation to legal authority devoid of accompanying analysis.[1] (*See* Docket # 74-4). The Court strikes those portions of plaintiff's declaration that contain legal

---

[1] Plaintiff also filed reply papers (Docket ## 80, 80-1) that appear to violate Local Rule 10(a)(2), which requires double-spacing of all text apart from block quotations and footnotes.

argument, including, for example, plaintiff's analysis of the caselaw cited in the September 9 Decision.[2] (*See generally* Docket # 74-1 at ¶¶ 188-253).

The remainder of plaintiff's motion seeks reconsideration of my determination to grant defendants an extension of time to file dispositive motions and to exercise my discretion in finding that defendants' unexplained failure to timely respond to plaintiff's discovery demands warranted waiver of some, but not all, of their objections to plaintiff's discovery demands.[3] (*See* Docket # 74-1). "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied. *Id*. ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

Plaintiff has not identified any new facts or law material to my previous determination, nor does the record establish that I misapprehended or misstated any material facts or controlling law in the September 9 Decision. As I noted then, defendants "requested additional time to file their dispositive motions prior to the expiration of the deadline and represented that additional time was necessary in order to permit the Court to resolve [plaintiff's

---

[2] Plaintiff's violations of the Local Rules appear intentional. He has been warned repeatedly that such violations may result in the striking of his filings (*see* Docket ## 70 at 2 n.3; 73), and plaintiff admits in his current submission that the Court, in its September 9 Decision, was "entirely correct" in noting that several of his submissions were improper (Docket # 74-1 at ¶ 297). His willful noncompliance may not be excused on the grounds that he "cite[s], explain[s] and furnish[es] this Court with a plethora of law, cases and other applicable authorities to back up every claim and argument" (*id.*) and that defense counsel has committed similar violations (Docket # 80 at ¶ 7).

[3] Although defendants contend that plaintiff's motion for reconsideration is untimely (Docket # 76 at ¶¶ 5, 6), for the purposes of this motion, the Court will assume that it was timely filed.

then-]pending motions to compel." (Docket # 70 at 10-11).  I see no reason to revisit or alter my ruling permitting all parties to file dispositive motions.[4]  *Buczek v. Setrus LLC*, 2017 WL 2021533, *1 (W.D.N.Y. 2017) ("[m]otions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision[;] . . . [a]fter all, a motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge") (quotations omitted).  My determination that defendants' discovery delay warranted waiver of some, but not all, of their objections to plaintiff's discovery demands constituted an appropriate exercise of broad judicial discretion to excuse any waiver or limit its scope.  *See, e.g.*, *Holloway v. Dollar Tree Distrib., Inc.*, 2015 WL 3606326, *2 (D. Conn. 2015) (concluding that a party's waiver of objections "does not otherwise excuse th[e] [c]ourt from its obligation to manage discovery in th[e] case . . . including limiting its scope as appropriate" and that the "tardiness of [the responding party's] objections alone" did not justify all of the discovery requests); *Senat v. City of New York*, 255 F.R.D. 338, 340 (E.D.N.Y. 2009) (concluding that "[a]lthough the defendants may assert objections solely for the record, no information or documents may be withheld from disclosure on the basis of any objection, all objections [*except on the basis of privilege*] having been waived by the failure to respond timely"); *see also Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) ("magistrate judges are . . . afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused[,]" such as when the "decision rests on an error of law or on a clearly erroneous factual finding, or when [the] decision – though not necessarily the product of a legal

---

[4] By contrast, the September 9 Decision extended the discovery period for plaintiff only.  (Docket ## 70 at 10; 71).

error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions") (quotations omitted).  Accordingly, I decline to reconsider my earlier decision.

As a final matter, I note that the record is unclear as to whether defendants supplemented their discovery responses in accordance with the September 9 Decision.  (*See* Docket # 70 at 8 (requiring defendants to supplement their document production and interrogatory responses and provide plaintiff a privilege log)).  If defendants have not supplemented their responses and provided plaintiff a privilege log, they must do so by no later than **March 31, 2023**; if defendants have previously supplemented their responses and complied with the directives in the September 9 Decision, or if defendants have nothing further to produce, they must state so clearly by no later than **March 31, 2023**.  Failure to comply with these directives may result in the imposition of sanctions.

For the reasons stated above, plaintiff's motion to reconsider this Court's September 9, 2022 Decision **(Docket # 74)** is **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
         March 17, 2023