UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER M. MURPHY,

                              Plaintiff,                         Case # 18-CV-6572-FPG

v.                                                                              DECISION & ORDER

CITY OF ELMIRA, et al.,

                              Defendants.

## INTRODUCTION

On September 9, 2022, Magistrate Judge Payson issued a Decision and Order (the "September 9 Decision") which, among other things, determined that Defendants had "waived any [discovery] objections on the grounds of undue burden or overbreadth." ECF No. 70 at 8. Plaintiff filed objections, which this Court overruled without prejudice on October 6, 2022 for failure to comply with the Local Rules of Civil Procedure. ECF No. 73. On October 30, 2022, Plaintiff filed a Motion to Reconsider the September 9 Decision. ECF No. 74. As relevant here, Plaintiff asserted that Defendants had waived all potential objections to Plaintiff's discovery requests—not just those based on undue burden or overbreadth. ECF No. 74-1. On March 17, 2023, Judge Payson issued a Decision and Order (the "March 17 Decision") denying Plaintiff's motion. ECF No. 93. Now before the Court are Plaintiff's objections to the March 17 Decision. ECF No. 97. For the reasons that follow, Plaintiff's objections are overruled.

**LEGAL STANDARD**

A district court may reconsider a magistrate judge's resolution of a non-dispositive pretrial matter "where it has been shown that the [] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Under the "clearly erroneous" standard of review, a district court may reverse a magistrate judge's finding only if it is "left with the definite and firm conviction that a mistake has been committed." *Parker v. Donnelly*, No. 21-CV-130, 2022 WL 4181571, *2 (N.D.N.Y. Sept. 13, 2022) (internal quotation marks omitted). Under the "contrary to law" standard, a district court may reverse a finding only if it finds that the magistrate judge "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011). "This standard of review is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes; reversal is appropriate only if their discretion is abused." *Brock v. Logsdon*, No. 19-CV-6082, 2022 WL 17488612, at *3 (W.D.N.Y. Dec. 7, 2022) (quoting *Rouviere v. DePuy Orthopedics, Inc.*, 560 F. Supp. 3d 774, 783-84 (S.D.N.Y. 2021))

**DISCUSSION**

Because Plaintiff objects to the March 17 Decision, which denied his motion to reconsider the September 9 Decision, the sole issue before the Court is whether the March 17 Decision was clearly erroneous or contrary to law. *See Rouviere*, 560 F. Supp. 3d at 788. The standard for granting a motion to reconsider is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Plaintiff takes issue with Judge Payson's denial of his motion to reconsider the September 9 Decision, in which Judge Payson determined that Defendants waived only objections on the grounds of undue burden and overbreadth. ECF No. 97 at 2. Plaintiff's motion for reconsideration and his objections rely on numerous district court cases from within and without the Second Circuit to support the assertion that a party who does not file timely objections "waives any and all objections" to the other party's discovery demands. *See* ECF No. 74-1 at 16-23, 58; ECF No. 97-1 at 4-8. Plaintiff has not, however, pointed to controlling decisions or other information that Judge Payson overlooked and that that might reasonably have been expected to alter her conclusion. *See Shrader*, 70 F.3d at 257. Accordingly, Judge Payson's denial of Plaintiff's motion was neither clearly erroneous nor contrary to law, and Plaintiff's objections are without merit.

Judge Payson properly applied the governing case law, *Shrader*, 70 F.3d 255, and correctly concluded that Plaintiff did not identify "any new facts or law material to" the September 9 Decision.  *See* ECF No. 93 at 2. Plaintiff, in both his motion for reconsideration and his objections, cites a plethora of district court cases reciting the general rule that a party who fails to timely respond to discovery demands waives its objections to those demands. *See* ECF No. 74-4 at 16-23, 97-1 at 5-8.  But those cases merely illustrate circumstances in which courts have chosen not to exercise discretion to limit the scope of a party's waiver. *See e.g.*, *Kloppel v. HomeDeliveryLink, Inc.*, No. 17-CV-6296, 2020 WL 38895, at *5 (W.D.N.Y. Jan. 3, 2020) (concluding plaintiff had waived objections to document request and granting motion to compel); *Arnold v. Indep. Health Ass'n*, No. 17-CV-1260, 2019 WL 3955420, at *4 (W.D.N.Y. Aug. 22, 2019) (concluding that plaintiff's failure to timely respond waived any objection to defendant's discovery demands and granting motion to compel); *Richard v. Dignean*, No. 11-CV-6013, 2017 WL 3083916, at *3 (W.D.N.Y. July 20, 2017), *recons. den.*, 332 F.R.D. 450 (W.D.N.Y. 2019) (concluding that

3

defendants waived objections where they neither timely responded nor raised objections or concerns about particular requests in response to motion to compel); *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538-539 (D. Conn. 2006) (concluding that plaintiff waived objections where objections were untimely and the objections did not include a privilege log). They do not establish that Judge Payson could not do so. *See Senat v. City of New York*, 255 F.R.D. 338, 340 (E.D.N.Y. 2009) (concluding that defendants waived all objections but could nevertheless withhold information and documents on the basis of privilege so long as they provided a privilege log); *Horace Mann Ins. Co.*, 238 F.R.D. at 538 (finding all objections waived but noting that court "may have been inclined to give the plaintiff the benefit of the doubt" and limit scope of waiver despite untimely objections). Accordingly, the decisions on which Plaintiff relies could not reasonably have been expected to alter Judge Payson's exercise of discretion in determining that Defendants had waived only objections on the grounds of undue burden and overbreadth. *See Shrader*, 70 F.3d at 257.

Although the September 9 Decision is not before the Court for review, the Court notes that courts within the Second Circuit have exercised their discretion in determining when specific objections should be deemed waived as a result of a party's untimely response, just as Judge Payson did here. *See Senat*, 255 F.R.D. at 340; *see also Chinn v. Elmwood Franklin Sch.*, No. 15-CV-938, 2018 WL 10509568, at *2 (W.D.N.Y. June 21, 2018) (acknowledging court's substantial discretion but concluding that plaintiff waived all objections based on her "flippant attitude toward her discovery obligations"); *Gropper v. David Ellis Real Estate, L.P.*, No. 13-CV-2068, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014) (even where a party has failed to comply with its obligation to timely respond to discovery demands, courts nevertheless "have substantial discretion in deciding when objections should be waived"). While Plaintiff suggests that exercising such

discretion is "contrary to the overwhelming weight of Second Circuit and Western District of New York" authority, ECF No. 97-1 at 11, these cases demonstrate that Judge Payson's determination was well within the range of permissible decisions, and it therefore does not constitute an abuse of discretion meriting reversal. *Garcia*, 800 F. Supp. 2d at 403.

Because Judge Payson correctly applied governing case law in denying Plaintiff's motion for reconsideration, the Court concludes that the March 17 Decision was neither clearly erroneous nor contrary to law. Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Judge Payson's March 17 Decision denying reconsideration, ECF No. 97, are OVERRULED.  The briefing schedule related to the pending motion for summary judgment remains as scheduled.

IT IS SO ORDERED.

Dated: April 10, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York