UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                                Plaintiff,                    Case # 18-CV-6572-FPG

v.                                                                 DECISION & ORDER

CITY OF ELMIRA, et al.,

                                Defendants.
_____

## INTRODUCTION

Defendants have filed a motion to unseal the record of certain state-court criminal proceedings related to this action. ECF No. 119. Plaintiff partially opposes. ECF No. 133, 136. As explained below, Defendants' motion is DENIED WITHOUT PREJUDICE.

## DISCUSSION

Defendants have moved pursuant to New York Criminal Procedure Law ("CPL") § 160.50 to unseal the records in three Elmira City Court ("City Court") criminal proceedings related to this action.[1] ECF No. 119. They assert that the records must be unsealed so that they may use them in their defense. ECF No. 119-1 ¶¶ 5-8. Plaintiff opposes the motion on the grounds that (1) Defendants have made the motion in the wrong forum and before the wrong judge; (2) that the motion amounts to an untimely request for discovery; (3) Defendants have failed to explain with particularity why they need the state-court records; and (4) the evidence subject to suppression by the state-court is inadmissible pursuant to the exclusionary rule. *See* ECF No. 133 at 1-12.[2] He

---

[1] Defendants identify the proceedings as (1) *People of the State of New York v. Christopher M. Murphy*, No. 2012-82841; (2) *Matter of People of the State of New York v. Chrstopher Murphy*, Case No. 2015-92181; and (3) *City of Elmira v. Christopher Murphy*, No. 15-5460. ECF No. 119 at 1.

[2] Plaintiff also filed a proposed sur-reply and seeks permission to file the sur-reply pursuant to Loc. R. Civ. P. 7(a)(6). Plaintiff's request is granted. The Court will consider the arguments Plaintiff raises in the proposed sur-reply in considering Defendants' motion.

1

does not oppose unsealing the records in Case No. 2012-82841 to the extent that they relate to the dismissal of the charges against him. ECF No. 136 at 3.

As explained below, Defendants' motion is denied. Further, to the extent Plaintiff asks the Court to preclude Defendants from presenting evidence pursuant to the exclusionary rule, that request is denied without prejudice to renewal should Defendants seek to introduce evidence that Plaintiff believes should be excluded. To the extent that Plaintiff asks the Court to enter an order limiting the use of any unsealed records, that request is also denied without prejudice to renewal.

## I. Unsealing

"Upon the termination of a criminal action or proceeding against a person in favor of such a person," CPL § 160.50 requires the sealing of "all official records and papers, including judgments and orders of a court . . . relating to the arrest or prosecution . . . on file with the division of criminal justice services, any court, police agency, or prosecutor's office." CPL § 160.50(1)(c). The sealing requirement is broad and applies even to "proceedings terminated by virtue of dismissals and vacaturs, on grounds unrelated to guilt or innocence, so that a former accused may pursue employment, education, professional licensing and insurance opportunities untainted by the stigma of a criminal prosecution." *Harper v. Angiolillo*, 89 N.Y.2d 761, 766 (1997).

"The sealing is not necessarily permanent, however." *Lehman v. Kornblau*, 206 F.R.D. 345, 347 (E.D.N.Y. 2001). "New York cases are clear that a party otherwise protected by a § 160.50 sealing of records can waive that protection by commencing a civil action and placing protected information into issue." *Green v. Montgomery*, 219 F.3d 52, 57 (2d Cir. 2000) (citing *Kalogris v. Roberts*, 185 A.D.2d 335, 336 (2d Dep't 1992); *Taylor v. New York City Transit Auth.*, 131 A.D.2d 460, 461 (2d Dep't 1987)); *see Wright v. Snow*, 175 A.D.2d 451, 452 (3d Dep't 1991).

Still, "[t]he federal courts have no general power to compel action by state officials." *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). Therefore, "[t]he threshold issue is how the unsealing can be effected under the circumstances presented here." *Lehman*, 206 F.R.D. at 347. Generally, courts have required parties to first apply to the state court to lift the CPL § 160.50 sealing order. *See e.g.*, *Thomas v. Prinzi*, No. 15-CV-6061, 2016 WL 5334439, at *2 (W.D.N.Y. Sept. 23, 2016) ("[R]equests for access to sealed records should be made, in the first instance, to the court that issued the sealing order or by subpoena or request to the clerk of the court or the prosecuting attorney."); *Townes v. New York City*, No. CV-94-2595, 1996 WL 164961, at *10 (E.D.N.Y. March 28, 1996) ("To the extent plaintiff's motion seeks files in the custody of the state court, it must be denied both because it is procedurally defective and in the interests of comity.").

However, "the Court acknowledges that district courts do possess the authority to unseal state criminal records in the possession of a state district attorney, when the records are relevant to the federal lawsuit and '*the district attorney moves to quash a subpoena, or objects to a discovery demand*.'" *K.A. v. City of New York*, No. 16-CV-4936, 2022 WL 1063125, at *2 (S.D.N.Y. Apr. 8, 2022) (quoting *Lehman*, 206 F.R.D. at 347) (emphasis added); *see also Bertuglia v. City of New York*, No. 11 Civ. 2141, 2014 WL 626848, at *1 (S.D.N.Y. Feb. 18, 2014) (citing *Cruz v. Kennedy*, No. 97 Civ. 4001, 1997 WL 839483, at *2 (S.D.N.Y. Dec. 19, 1997)) ("[W]hen the district attorney objects to a discovery demand, it is within the power of the district court to issue an order compelling production."). Accordingly, district courts have concluded that they have the authority to order records unsealed where (a) the district attorney is a party to the proceeding or (b) the party has subpoenaed the district attorney and the district attorney has moved to quash the subpoena. *See Lehman*, 206 F.R.D. at 347; *Cruz*, 1997 WL 839483, at *2.

By bringing this civil action, Plaintiff has waived the privilege of keeping the state-court records sealed. *See Green*, 219 F.3d at 57; *Wright*, 175 A.D.2d at 452. However, at this stage of the proceedings, this Court is without authority to order the state-court records unsealed. *See Thomas*, 2016 WL 5334439, at *2; *Townes*, 1996 WL 164961, at *10. First, there is no indication that Defendants have sought access to the records by application to City Court. *See Thomas*, 2016 WL 5334439, at *2. Second, the relevant prosecuting authority, whether the Chemung County District Attorney or the City of Elmira, is not a party to this action. ECF Nos. 10, 16 (dismissing with prejudice claims against City of Elmira and ordering Clerk of Court to terminate City of Elmira as Defendant); *see Lehman*, 206 F.R.D. at 347. Third, Defendants do not appear to have sought access to the sealed records by subpoena to either the Chemung County District Attorney or the City of Elmira. *See K.A.*, 2022 WL 1063125, at *2; *Cruz*, 1997 WL 839483, at *2. Therefore, although Plaintiff has waived his privilege with respect to the state-court records and the records Defendants seek may be relevant to their defense, this Court is without authority to order the state-court documents unsealed. *See Thomas*, 2016 WL 5334439, at *2; *Townes*, 1996 WL 164961, at *10. Defendants' motion to unseal is therefore denied.

## II.     The Exclusionary Rule

Plaintiff argues that, should the Court grant any portion of Defendants' motion, it should prohibit the use of "any evidence suppressed" by City Court pursuant to the exclusionary rule. ECF No. 133 at 12. Because the Court has denied Defendants' motion in its entirety, the Court denies Plaintiff's request as moot. Plaintiff may renew his request if Defendants seek to introduce any evidence that Plaintiff believes was subject to City Court's suppression order.

### III.   Limiting Use of Unsealed Records

Plaintiff further requests that, should the Court grant Defendants' motion, the Court prohibit Defendants from using the unsealed records "in connection with any other case or for any other purpose or in any way other than defensively in" this action. ECF No. 133 at 13. Because the Court has denied Defendants' motion in its entirety, the Court denies Plaintiff's request as moot.

### CONCLUSION

For the foregoing reasons, Defendants' motion to unseal, ECF No. 119, is DENIED WITHOUT PREJUDICE. Plaintiff's request to prohibit Defendants from introducing evidence suppressed in the state-court proceedings, ECF No. 133, is DENIED WITHOUT PREJUDICE. Plaintiff's request that the Court prohibit Defendants from using the unsealed records for any purpose other than their defense in this action, ECF No. 133, is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: November 14, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York