UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

CHRISTOPHER M. MURPHY,

                             Plaintiff,               Case # 18-CV-6572-FPG

v.                                                           DECISION & ORDER

CITY OF ELMIRA, et al.,

                             Defendants.
───────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Christopher M. Murphy has filed a motion to reconsider this Court's September 12, 2023 Decision and Order, ECF No. 110, granting in part and denying in part Defendants' motion for summary judgment (the "Summary Judgment Order"). ECF Nos. 132, 143.[1] Defendants oppose the motion. ECF No. 143. As explained below, Plaintiff's motion is DENIED.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).[2] "A district court has the inherent power to reconsider and modify its

---

[1] Plaintiff's initial deadline to file a reply was November 27, 2023. *See* ECF No. 137. He requested, and the Court granted, a two-day extension to November 29, 2023. *See* ECF Nos. 145, 146, 147. Plaintiff did not file his reply until November 30, 2023. ECF No. 143. Although his reply was therefore untimely, the Court will nevertheless consider the arguments Plaintiff has raised in reply.

[2] Defendants contend that Rule 59(e), which establishes a twenty-eight day time limit for motions to alter or amend a judgment, governs Plaintiff's motion, not Rule 54(b). *See* ECF No. 143-2 at 4-6. The Court disagrees. Rule 59(e) permits a party to file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). But there has been no judgment in this case. The Summary Judgment Order granted in part and denied in part Defendants' motion for summary judgment and did not, therefore, "end the action as to any of the claims or parties." Fed. R. Civ. P. 54(b). Under Rule

interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982); *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.").

A litigant seeking reconsideration must set forth "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "To merit reconsideration under Rule 54(b), a party must show 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Micolo v. Fuller*, No. 15-CV-06374, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) (quoting *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied. *See Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Richard*, 126 F. Supp. 3d at 337 (internal quotation marks and citations omitted).

---

54(b), it may therefore "be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* Accordingly, Plaintiff has properly brought his motion pursuant to Rule 54(b), and the twenty-eight day time limit for a Rule 59(e) motion does not apply.

Further, the Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Coopers & Lybrand*, 322 F.3d at 167 (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)). "The doctrine of the law of the case posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case." *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) (citations omitted). However, application of this doctrine is discretionary and does not limit the court's power to review its decisions prior to final judgment. *Id.*; *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 142 (E.D.N.Y. 2009).

## DISCUSSION

In his motion, Plaintiff argues that it was clear error to grant absolute immunity to Defendants' Buzzetti and Campanella because he denied that either Buzzetti or Campanella "was 'deputized' to prosecute [him] by [Chemung County] District Attorney Wetmore" and pointed to evidence that Wetmore had only delegated authority to prosecute violations of city ordinances, not state statutes. ECF No. 132-1 at 13-24. He further argues that it was clear error to deny his request for additional discovery under Rule 56(d) because he was "diligent and persistent in [his] pursuit of discovery" and unable to "obtain the necessary information [] through no fault of [his] own," and because it is "highly probable" that further discovery would have raised a genuine, triable issue of material fact. ECF No. 132-1 at 57. He also argues that reconsideration is required to prevent "manifest injustice." *See id.* at 2.

As explained below, Plaintiff has failed to point to "controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Richard*, 126 F. Supp. 3d at 337. Plaintiff's motion to reconsider is therefore denied.

I.  **Absolute Immunity**

The Summary Judgment Order granted absolute immunity (a) to Buzzetti with respect to all of his alleged conduct and (b) to Campanella with respect to his advocative conduct, but not his investigative conduct. *See* ECF No. 110 at 13. Plaintiff asserts that this determination was clearly erroneous. Plaintiff's argument centers on the purported insufficiency of the affidavit of nonparty Chemung County District Attorney Weeden Wetmore, which Defendants submitted in support of their motion for summary judgment. *See* ECF No. 132-1 at 14-39; *see also* ECF No. 86-16 (the Wetmore affidavit). In particular, Plaintiff argues that the affidavit was insufficient because a 2014 letter from Wetmore purports to delegate authority only "to prosecute cases alleging any violation of City ordinances," not "the alleged violations of state statutory law [Buzzetti and Campanella] charged [him] with and prosecuted [him] for." *Id.* at 22. As explained below, Plaintiff has failed to show "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice,'" *Micolo*, 2017 WL 2297026, at *2, with respect to the Court's decision to grant absolute immunity to Buzzetti and Campanella. Plaintiff's motion is therefore denied.

Absolute immunity "is a complete bar to damages liability under Section 1983." *Alroy v. City of N.Y. Law Dep't*, 69 F. Supp. 3d 393, 402 n.15 (S.D.N.Y. 2014). "Prosecutors enjoy absolute immunity for 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State,' but '[a] prosecutor's administrative duties and those investigatory functions that do not relate to

4

an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Malik v. City of N.Y.*, 841 F. App'x 281, 284 (2d Cir. 2021) (summary order) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). A prosecutor "has absolute immunity for the initiation and conduct of a prosecution 'unless [he] proceeds in the clear absence of all jurisdiction.'" *Shmueli v. City of N.Y.*, 424 F.3d 231, 237 (2d Cir. 2005) (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987)). To clearly lack jurisdiction, a prosecutor must proceed "without any colorable claim of authority." *Barr*, 810 F.3d at 361. Therefore, even if a prosecutor lacks actual authority to prosecute the relevant conduct, he would still "have absolute immunity in a § 1983 action . . . so long as '[he] ha[s] at least a semblance of jurisdiction' that does not run far afield of [his] job description." *Anilao v. Spota*, 27 F.4th 855, 865 (2d Cir. 2022) (quoting *Barr*, 810 F.3d at 361).

"For purposes of prosecutorial immunity under § 1983—a question of federal law—the question is whether [the defendant's] conduct was functionally prosecutorial, not whether they had a proper delegation of prosecutorial authority under state law." *Weinberg v. Vill. of Clayton, N.Y.*, No. 17-CV-21, 2018 WL 4214363, at *10 (N.D.N.Y. Mar. 21, 2018) (citing *Buckley*, 509 U.S. at 269). In other words, courts apply a "functional approach, which looks to the nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269 (internal quotation marks and citations omitted).

The Court finds no reason to revisit its conclusion that Buzzetti and Campanella are entitled to absolute immunity. *See Malik*, 841 F. App'x at 284; *see also* ECF No. 110 at 12-13. Contrary to Plaintiff's assertion, neither the 2010 letter nor the 2014 letter from District Attorney Wetmore suggest that the Court's earlier conclusion was clearly erroneous. *See Barr*, 810 F.3d at 361; *Weinberg*, 2018 WL 4214363, at *10. To start, neither letter compels the conclusion that Buzzetti

and Campanella acted in the "clear absence of all jurisdiction" or without "any colorable claim of authority" because New York Executive Law § 382(2) authorizes the imposition of fines or a term of imprisonment for the violations of the Uniform Fire Prevention and Building Code (the "Uniform Code") recited in the accusatory instruments. *See* N.Y. Exec. Law § 382(2); *see also* ECF No. 86-12 ¶ 7 (affidavit stating that Plaintiff's three 2015 arrests were "based on allegations of . . . Prohibited Occupancy under section 107.4 of the New York State Property Maintenance Code"); ECF No. 86-12, Ex. A (letter dated January 5, 2016 noting that Section 107.4 of the New York State Property and Maintenance Code was "the sole charge filed" under the relevant docket number); ECF No. 86-14, Ex. A (court information dated March 13, 2012 reciting provisions of the Uniform Code that Plaintiff allegedly violated).

Further, as Defendants have noted, the City of Elmira Code of Ordinances incorporates the Uniform Code and tasks the City with its enforcement. *See* ECF No. 104 ¶ 6 (declaration stating that City of Elmira has adopted the Uniform Code); *see also* City of Elmira, N.Y., 2012 Code of Ordinances §§ 8-1 ("The City Council hereby acknowledges and accepts the applicability of the [Uniform Code]"), 8-3 ("Any violation of . . . [the Uniform Code] or any regulations promulgated pursuant thereto will be dealt with in accordance with the terms and provisions embodied in division 31 of article II of this chapter [of the Code of Ordinances]."). To the extent that 2010 Wetmore letter excludes "Housing Code violations" from the delegation of prosecutorial authority, *see* ECF No. 143 at 3 (citing ECF No. 123-3), that exclusion does not appear to apply to the provisions of the Uniform Code with which the City charged Plaintiff. *Compare* City of Elmira, N.Y., 2012 Code of Ordinances § 8-3 (violations of Uniform Code to be addressed in accordance with terms of division 31 of article II, which constitutes the City Building Code), *with id.*, ch. 8, art. V (setting out "Housing Standards for Residential Premises"). At the very least then, the

6

delegation set out in Wetmore's letters, combined with the City's adoption of the Uniform Code, provides Campanella and Buzzetti with "at least a semblance of jurisdiction" over the charges against Plaintiff. *See Anilao*, 27 F.4th at 865. Accordingly, even if the 2010 and 2014 delegations of prosecutorial authority were somehow deficient under state law, Defendants Buzzetti and Campanella are entitled to absolute immunity for their roles as advocates in the judicial proceedings against Plaintiff. *See Weinberg*, 2018 WL 4214363, at *10.

Moreover, nothing Plaintiff has presented undermines the Court's proper focus on whether Buzzetti's and Campanella's conduct was functionally prosecutorial, rather than "whether they had a proper delegation of prosecutorial authority under state law." *See Weinberg*, 2018 WL 4214363, at *10 (granting absolute immunity where plaintiff asserted that village attorney was not authorized to prosecute misdemeanor charges under N.Y. Exec. Law § 382(2)). In concluding that Buzzetti was entirely immune and that Campanella was not, the Court applied the required functional approach, and examined whether the relevant conduct was advocative or investigative in nature. *See Malik*, 841 F. App'x at 284; ECF No. 110 at 12-13. Although Plaintiff challenges the propriety of Wetmore's delegation, he does not appear to take issue with the Court's conclusion that, with respect to those acts for which they were granted immunity, Buzzetti and Campanella were engaged in functionally prosecutorial conduct. *See* ECF No. 132-1 at 14-39. The Court therefore declines to revisit that conclusion.

Finally, Plaintiff asserts that by granting Buzzetti and Campanella absolute immunity, the Court deprived him of his Seventh Amendment right to a trial by jury. *See* ECF No. 132-1 at 57-67. As Plaintiff acknowledges, "[w]here no genuine issue of material fact exists, the court may, without violating Seventh Amendment rights, grant summary judgment pursuant to Rule 56." *See Shore v. Parklane Hosiery Co., Inc.*, 565 F.2d 815, 819 (2d Cir. 1977). Plaintiff's Seventh

7

Amendment argument is therefore nothing more than another attempt to relitigate the Court's decision to grant absolute immunity to Buzzetti and Campanella, which the Court has declined to reconsider. *See Coopers & Lybrand*, 322 F.3d at 167. It does not, therefore, warrant reconsideration.

In sum, Plaintiff has shown neither the need to correct clear error nor to prevent manifest injustice. *Micolo* 2017 WL 2297026, at *2. His motion to reconsider the Court's determination that Buzzetti and Campanella were entitled to absolute immunity is therefore denied.

## II.     Additional Discovery Pursuant to Rule 56(d)

As explained in the Summary Judgment Order, the Court denied Plaintiff's request for additional discovery under Rule 56(d) because Plaintiff (i) failed to state how the additional facts he sought would be obtained, the efforts he had made to obtain them, and why they were unsuccessful and (ii) had an adequate opportunity to conduct discovery. *See* ECF No. 110 at 7-9. Plaintiff's motion to reconsider simply seeks to relitigate the discovery dispute that he has already litigated several times before both the Magistrate Judge and this Court. His motion to reconsider this aspect of the Summary Judgment Order is therefore also denied. *See Coopers & Lybrand*, 322 F.3d at 167; *Shrader*, 70 F.3d at 257.

Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The party resisting summary judgment on the ground that it needs additional discovery must submit an affidavit showing: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the

affiant was unsuccessful in those efforts." *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013) (summary order). "The failure to file a Rule 56(d) affidavit sufficiently explaining the need for additional discovery 'is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Id.* at 13-14 (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994)).

"It is well established that 'the trial court may properly deny further discovery' under Rule 56(d) 'if the nonmoving party has had a fully adequate opportunity for discovery.'" *Moccia v. Saul*, 820 F. App'x 69, 70 (2d Cir. 2020) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)). Whether to grant or deny relief under Rule 56(d) is within the discretion of the district court. *See Wexler v. LVNV Funding, LLC*, No. 22 Civ. 1348, 2022 WL 16961125, at *2 (S.D.N.Y. Nov. 16, 2022) (citing *Moccia*, 820 F. App'x at 70).

It was not clear error to deny Plaintiff additional discovery under Rule 56(d). Although Plaintiff identified a raft of additional information and documents he sought, *see* ECF No. 100 ¶¶ 431-54, he did not explain, as is required, "how those facts [were] reasonably expected to create a genuine issue of material fact." *Lunts*, 515 F. App'x at 13. His failure to file a Rule 56(d) affidavit adequately explaining the need for additional discovery was itself sufficient grounds to reject his assertion that discovery was inadequate. *Id.* at 13-14.

Plaintiff contends that it was enough to state that "[t]he relevant material facts are set out in the record and need not be reiterated in this declaration." ECF No. 132-1 at 46 (citing ECF No. 100 ¶ 421). The Court disagrees. In *Lunts*, for example, the Second Circuit concluded that a letter filed prior to the commencement of summary judgment proceedings that contained more detailed allegations regarding incomplete discovery "could not reasonably have been construed as a sufficient Rule 56(d) affidavit." 515 F. App'x at 14. It therefore concluded that the district court

9

did not abuse its discretion in denying additional discovery. *Id.* at 13. This Court likewise did not clearly err in determining that Plaintiff's declaration setting out only the information he sought was insufficient to entitle him to relief under Rule 56(d). *See id.*; *Micolo*, 2017 WL 2297026, at *2.

Nor was it clear error to conclude that Plaintiff had an adequate opportunity to conduct the discovery he requested. As Plaintiff acknowledges, Magistrate Judge Payson's amended scheduling order provided that he was to complete fact discovery and file any motions to compel by January 9, 2023. *See* ECF No. 132-1 at 48-52; *see also* ECF No. 71 (amended scheduling order entered September 9, 2022). But, Plaintiff argues, the Court erred in "attaching controlling significance" to the date that discovery closed. *Id.* at 45. This misreads the Court's analysis. The Court did not attach controlling significance to the fact that discovery closed on January 9, 2023. Instead, the Court considered the date the discovery period closed as one factor in its analysis of whether Plaintiff had an adequate opportunity to conduct discovery. *See* ECF No. 110 at 8 (noting that Plaintiff had full discovery window to obtain the information sought, was granted multiple extensions, and litigated a motion to compel). Doing so was appropriate, as Plaintiff could have filed a renewed motion to compel by that date, which came and went over one month before Defendants filed their motion for summary judgment. He chose instead to file a motion for reconsideration, which was denied, and objections to that denial, which this Court overruled. ECF Nos. 74, 93, 97, 98.

To explain his decision not to file a motion to extend the time for discovery or a motion to compel, Plaintiff relies on Magistrate Judge Payson's March 17, 2023 Decision and Order denying reconsideration of her September 9, 2022 Decision and Order, which directed Defendants to supplement their discovery responses by March 31, 2023 if they had not already done so by the

10

previously established deadline of October 8, 2022. ECF No. 132-1 at 44-45. But Plaintiff fails to explain why, if he believed that Defendants had failed to comply with his discovery demands by the October 8, 2022 deadline, he could not have filed another motion to compel rather than—or in addition to—seeking reconsideration of the September 9, 2022 Decision and Order. *See id.* at 44 (noting that Magistrate Judge Payson denied a second motion to compel without prejudice to filing an additional motion to compel if Defendants failed to comply with their discovery obligations by October 8, 2022). In other words, between October 8, 2022 and January 9, 2023, Plaintiff could have filed a motion to compel but chose not to. "A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need." *See Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 928 (2d Cir. 1985). In the absence of a Rule 56(d) declaration making such a showing, the Court did not clearly err in concluding that Plaintiff had an adequate opportunity to conduct discovery.

Plaintiff also argues that, had Defendants "complied with their lawful obligations under the federal discovery rules, . . . [he] would have had a reasonable and fair opportunity to explore and follow up" on purported inconsistencies between the 2014 Wetmore letter and the 2023 Wetmore affidavit. *See* ECF No. 132-1 at 34-35. In particular, he states that he would have "timely requested leave to depose Mr. Wetmore or permission to serve him with a subpoena under Rule 45." *Id.* But Defendant Buzzetti produced at least the 2014 Wetmore letter during fact discovery, *see id.* at 58-59 (explaining that Buzzetti produced the 2014 letter in response to Plaintiff's discovery demands), and Plaintiff fails to explain what prevented him from seeking to depose Wetmore after Buzzetti produced that letter but before the close of discovery on January 9, 2023. *See Burlington Coat Factory*, 769 F.2d at 928.

In light of the above, this Court did not clearly err in concluding that Plaintiff had failed to demonstrate that he was entitled to further discovery pursuant to Rule 56(d). *See id.* For the same reasons, Plaintiff has not identified the sort of manifest injustice that might warrant reconsideration of that determination. *See Micolo*, 2017 WL 2297026, at *2. His motion to reconsider the Court's denial of his request for additional discovery under Rule 56(d) is therefore denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 132, is DENIED. The deadlines set forth in the Court's November 15, 2023 Pretrial Order, ECF No. 140, remain in place. Unless otherwise indicated in that Order, Plaintiff's pretrial submissions must be filed at least two weeks before the December 19, 2023 pretrial conference, that is, no later than December 5, 2023. *See id.* A jury trial will be held beginning January 8, 2024.

IT IS SO ORDERED.

Dated: December 2, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York