UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                           Plaintiff,                  Case # 18-CV-6572-FPG

v.                                                                    DECISION & ORDER

CITY OF ELMIRA, et al.,

                           Defendants.
_____

## INTRODUCTION

Defendants Ottavio Campanella, Matthew Buzzetti, Timothy Overly, and Joseph Martino have moved for reconsideration of the Court's September 12, 2023 Decision and Order (ECF No. 110), granting in part and denying in part Defendants' motion for summary judgment (the "Summary Judgment Order"). ECF No. 169. Plaintiff opposes the motion. ECF Nos. 172-76. As explained below, Defendants' motion is DENIED.

## DISCUSSION

### I.    Standard of Review

Defendants purport to bring this motion under Federal Rule of Civil Procedure 60(b), which permits a court to relieve a party from a "final judgment, order or proceeding for," among other reasons, "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," and "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2), (3). "As the language of [Rule 60(b)] plainly states, however, it affords relief only from a 'final judgment, order or proceeding.'" *Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 526-27 (N.D.N.Y. 1995), *aff'd*, 108 F.3d 462 (2d Cir. 1997). In a case with more than one claim for relief or multiple parties, an adjudication as to one or more but fewer than all of the

parties or claims—such as an order granting in part and denying in part a motion for summary judgment—is interlocutory unless the court directs entry of final judgment after expressly determining that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b).

Here, the Summary Judgment Order disposed of fewer than all of Plaintiff's claims and was therefore interlocutory. Accordingly, Rule 60(b) is not the proper procedural vehicle for Defendants' request for reconsideration. As explained in the Summary Judgment Order, Plaintiff's malicious prosecution claim against two of the four individual Defendants—Ottavio Campanella and Joseph Martino—remain. *See generally* ECF No. 110. Moreover, the Court has not "expressly determine[d] that there is no just reason for delay" in entering final judgment as to the disposed-of claims, Fed. R. Civ. P. 54(b), and therefore no judgment has been entered. Accordingly, the Summary Judgment Order was not a final judgment or order within the meaning of Rule 60(b). *See e.g.*, *Micolo v. Fuller*, No. 15-CV-6374, 2017 WL 2297026, at *1 n.1 (W.D.N.Y. May 25, 2017) (motion for reconsideration of decision and order granting in part and denying in part summary judgment could not be motion under Rule 60(b) because it was not a final decision and judgment had not been entered); *Burke v. Warren Cnty. Sheriff's Dep't*, 916 F. Supp. 181, 183 (N.D.N.Y. 1996) (Rule 60(b) motion improper procedural vehicle for request to reconsider decision granting summary judgment in favor of some defendants). While Plaintiff asserts that Defendants' mistaken reliance on Rule 60(b) is grounds for denying the motion, *see* ECF No. 172 at 3-4, the Court will instead construe Defendants' motion as one for reconsideration under Rule 54(b). *See Micolo*, 2017 WL 2297026, at *1; *see also* ECF No. 178 ¶ 5 (requesting that the Court consider Defendants' motion under Rule 54(b)).

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

2

the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982); *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules."). This power is not affected by Rule 60(b). *See Wanamaker*, 907 F. Supp. at 527.

A litigant seeking reconsideration must set forth "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "To merit reconsideration under Rule 54(b), a party must show 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Micolo*, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) (quoting *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied. *See Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Richard*, 126 F. Supp. 3d at 337 (internal quotation marks and citations omitted).

Further, the Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Coopers & Lybrand*, 322 F.3d at 167 (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)). "The doctrine of the law of the case posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case." *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) (citations omitted). However, application of this doctrine is discretionary and does not limit the court's power to review its decisions prior to final judgment. *Id.*; *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 142 (E.D.N.Y. 2009).

## II.     Reconsideration

Defendants argue that reconsideration of the Summary Judgment Order is warranted because recently unsealed state-court records demonstrate that Plaintiff's malicious prosecution claims are meritless. ECF No. 169-8 at 4-9. Specifically, they argue that this new evidence shows that (1) there was no genuine dispute of material fact as to the existence of probable cause and (2) neither of the two remaining Defendants were involved in the June 2015 arrest of Plaintiff. *Id.* Moreover, they argue that Plaintiff's "malicious, fraudulent, and intentional misrepresentations to the Court" have caused "this Court to misconstrue the clear facts at hand." *Id.* at 8. The Court construes this argument as one for reconsideration based on the need to prevent manifest injustice. As explained below, neither argument warrants reconsideration of the Summary Judgment Order and Defendants' motion is therefore denied.

### A. Newly Discovered Evidence

The Court begins with Defendants' new evidence. Defendants argue that newly discovered evidence, in the form of previously sealed documents pertaining to the underlying state-court criminal proceedings, warrants reconsideration of the Court's conclusion that Defendants were not entitled to summary judgment on Plaintiff's malicious prosecution claim as set out in the Summary Judgment Order. ECF No. 169-98 at 4-6. As explained below, the Court disagrees.

For new evidence to justify reconsideration, the evidence must be "of such importance that it probably would have changed the outcome" of the prior ruling. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). "When newly discovered evidence is the basis for reconsideration, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered." *Vicuna v. O.P. Schuman & Sons, Inc.*, 298 F. Supp. 3d 419, 433 (E.D.N.Y. 2017) (quoting *In re Rezulin Prod. Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004)); *see also Fairbank Reconstruction Corp. v. Greater Omaha Packaging Co., Inc.*, No. 13-CV-907, 2020 WL 7427025, at *6 (W.D.N.Y. Dec. 18, 2020). "If the movant had the opportunity to present the evidence . . . earlier but did not do so, either because of inadvertence or as a strategic maneuver, the Rule 54(b) motion should be denied." *Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 340 (S.D.N.Y. 2012).

Defendant points to four categories of newly available evidence, all pertaining to the underlying state-court proceedings, that in their view, warrants reconsideration of the Summary Judgment Order. Specifically, they point to (a) certified copies of two decisions related to a 2021 search warrant, (b) hundreds of photographs obtained throughout the investigation and prosecution of Plaintiff, (c) a police report related to Plaintiff's June 2015 arrest, and (d) a recording and

5

transcript of a May 16, 2012 hearing in Elmira City Court. ECF No. 169-1 ¶ 11; *see also* ECF No. 171-1 (later-filed transcript of May 16, 2012 hearing). Defendants argue that they were "unaware" that this evidence existed or "would be available" at the time they moved for summary judgment in February 2023. ECF No. 169-8 at 5. Moreover, they note that the records pertaining to the underlying criminal proceedings were sealed until Defendants obtained an order unsealing those records in December 2023. *See* ECF No. 169-1 ¶ 9; *see also* ECF No. 167-1 (unsealing order).

Although the Court accepts Defendants' representation that this evidence was not in their possession before the Court issued the Summary Judgment Order, it is not persuaded that it was not available to them "upon the exercise of reasonable diligence." *Fairbank Reconstruction*, 2020 WL 7427025, at *7. The underlying proceedings to which the now-unsealed records relate have been the focus of this action at least since the Court permitted Plaintiff's amended complaint to proceed to service in February 2020. *See* ECF No. 10 (screening order permitting Plaintiff's malicious prosecution claim and equal protection claim to proceed to service). Moreover, Defendants Campanella and Martino were involved in prosecuting and investigating the offenses with which Plaintiff was charged. The Court is therefore not persuaded that Defendants were unaware that those records existed.

While, as Defendants correctly note, the records were sealed pursuant to New York Criminal Procedure Law ("CPL") § 160.50, the Court is similarly unpersuaded that this means they were "not available upon the exercise of reasonable" before the Court issued the Summary Judgment Order. *Fairbank Reconstruction*, 2020 WL 7427025, at *6. As this Court has observed, sealing pursuant to CPL § 160.50, while broad, "is not necessarily permanent." ECF No. 138 at 2 (citing *Lehman v. Kornblau*, 206 F.R.D. 345, 347 (E.D.N.Y. 2001)). "New York cases are clear that a party otherwise protected by a § 160.50 sealing of records can waive that protection by

commencing a civil action and placing protected information into issue." *Green v. Montgomery*, 219 F.3d 52, 57 (2d Cir. 2000) (citing *Kalogris v. Roberts*, 185 A.D.2d 335, 336 (2d Dep't 1992)); *Taylor v. New York City Transit Auth.*, 131 A.D.2d 460, 461 (2d Dep't 1987)); *see Wright v. Snow*, 175 A.D.2d 451, 452 (3d Dep't 1991). Accordingly, courts frequently address the parties' access to such records during discovery in actions under 42 U.S.C. § 1983. *See e.g.*, *Lehman*, 206 F.R.D. at 347 (addressing documents sealed pursuant to CPL § 160.50 in response to plaintiff's motion to compel); *Woodard v. City of New York*, No. 99 CV 1123, 2000 WL 516890, at *1-4 (E.D.N.Y. Mar. 10, 2000) (addressing documents sealed pursuant to CPL § 160.50 in response to district attorney's motion to reconsider magistrate judge's order ordering production of sealed documents).

The Court perceives—and Defendants offer—no reason that Defendants were unable to obtain an unsealing order prior to moving for summary judgment. Defendants simply state that CPL § 160.50 "prohibit[ed] Defendants from accessing [the] numerous documents which contradict Plaintiff's allegations." ECF No. 169-1 ¶ 8. The ease with which Defendants obtained an unsealing order in Elmira City Court belies this assertion. *See* ECF No. 167-1 (order of Elmira City Court Judge Steven W. Forrest dated December 15, 2023 granting unsealing on Defendants' motion dated November 22, 2023). Moreover, the ability to obtain the unsealed records for the purposes of this action was not in doubt. *See Green*, 219 F.3d at 57 ("New York cases are clear that a party otherwise protected by a § 160.50 sealing of records can waive that protection by commencing a civil action and placing protected information into issue."). Finally, while Defendants fault Plaintiff for making "no efforts to unseal the records" and for opposing Defendants' motion to unseal in Elmira City Court, ECF No. 169-1 ¶ 8, Plaintiff's purported

failures do not absolve Defendants of their obligation on a motion for reconsideration to show that the documents could not have been obtained through the exercise of reasonable diligence.

In reply, Defendants assert that they did not believe it was necessary to obtain the underlying records until the Court issued the Summary Judgment Order in September 2023. *See* ECF No. 178 ¶¶ 9-11. That is, when Defendants moved for summary judgment, they believed "that they had any and all evidence necessary" to prevail. *Id.* ¶ 9. Their failure to seek the state-court records therefore appears to reflect a strategic decision on their part. But Defendants' mistaken belief that they had sufficient evidence to prevail is not grounds for reconsideration. *See Rockland Exposition*, 894 F. Supp. 2d at 340. ("If the movant had the opportunity to present the evidence . . . earlier but did not do so, either because of inadvertence or as a strategic maneuver, the Rule 54(b) motion should be denied.").

Finally, to the extent that Defendants Campanella and Martino argue that they were not personally involved in the June 2015 arrest, this argument, raised for the first time on reconsideration, is not a proper basis for reconsideration. *Hughes v. Ester C. Co.*, 320 F.R.D. 337, 340 (E.D.N.Y. 2017) ("Furthermore, arguments raised for the first time on reconsideration are not proper grounds for reconsideration."). Although Defendants Campanella and Martino assert that the new evidence demonstrates that they were not personally involved in the June 2015 arrest, ECF No. 169-8 at 8, because both parties would have personal knowledge of their involvement or lack thereof, the Court is not persuaded that they could not have made this argument when they first moved for summary judgment in February 2023. *See* ECF No. 86-11 at 8-19 (seeking summary judgment on malicious prosecution claims on statute of limitations, prosecutorial immunity, the probable cause, lack of malice, and qualified immunity grounds but not lack of personal involvement). To the extent that Defendants assert that only the new evidence could support this

8

argument, Defendants are not entitled to reconsideration on this basis because, as explained above, they have not demonstrated that this evidence was not available to them before moving for summary judgment. *See Fairbank Reconstruction*, 2020 WL 7427025, at *6.

Because Defendants have failed to persuade the Court that they could not have obtained the previously sealed state-court records upon the exercise of reasonable diligence before moving for summary judgment, they have failed to demonstrate that the newly discovered evidence entitles them to reconsideration of the Summary Judgment Order.

### B. Alleged Misrepresentations by Plaintiff

Defendants also argue that their newly discovered evidence demonstrates that "Plaintiff's malicious, fraudulent and intentional misrepresentations to the Court during this entire proceeding have caused this Court to misconstrue the clear facts at hand." ECF No. 169-8 at 8. Specifically, Defendants point to Plaintiff's statement that, on May 16, 2012, Elmira City Court Judge Steven Forrest authorized him to remain on the property that was the subject of the underlying building code prosecutions. *See id.* In response, Plaintiff "stand[s] by" his recollection and challenges the accuracy of the transcript Defendants have submitted. ECF No. 173 at 18. Barbara M. Camilli, a non-party witness who has resided with Plaintiff continuously since 2006 has provided a sworn statement supporting Plaintiff's assertion. As explained below, Defendants have not demonstrated that Plaintiff's alleged misrepresentations warrant reconsideration.[1] *See* ECF No. 176-2 at 1-2.

The Court construes Defendants' misrepresentation argument as one for reconsideration based on the need to prevent manifest injustice. *See Buczakowsi v. 1199SEIU*, No. 18-CV-812, 2020 WL 2092480, at *4 (N.D.N.Y. May 1, 2020). "Courts ordinarily have not defined precisely

---

[1] Plaintiff offers no evidence for his assertion that the transcript was "changed and 'doctored.'" ECF No. 172 at 18. The Court's denial of reconsideration should not be read as crediting this unsupported accusation.

what constitutes . . . manifest injustice for reconsideration purposes." *Id.* (quoting *In re Air Crash at Belle Harbor, New York on Nov. 12, 2001*, No. 02-CV-3143, 2007 WL 4563485, at *1 n.1 (S.D.N.Y. Dec. 18, 2007). However, upholding a clearly erroneous ruling based on a misrepresentation would constitute such a manifest injustice. *See id.* (quoting *Ford Motor Co. v. Edgewood Properties, Inc.*, No. 06-CV-1278, 2010 WL 5151605, at *4 (D.N.J. Dec. 10, 2010)).

Nevertheless, the Court is not convinced that Defendants have demonstrated the need to correct a manifest injustice. Plaintiff has submitted his own sworn declaration and that of his long-time cohabitant Barbara M. Camilli stating that they both recall that Judge Forrest stated that Plaintiff was "free to continue to occupy his home without any limitations as to time or times of day, so as to enable [Plaintiff] to work on resolving" the alleged code violations. ECF No. 176-2 at 2-3; *see also* ECF No. 173 at 18 (Plaintiff's declaration stating that he stands by his recollection of the May 2012 hearing). Although the transcript Defendants have submitted certainly casts doubt on the accuracy of these recollections, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)). Moreover, while the Court relied on Plaintiff's characterization of the May 2012 hearing in partially denying Defendants' motion for summary judgment, Plaintiff also pointed to other authorizations to remain inside the property during the day. *See* ECF No. 100 ¶¶ 89-93; *see also* ECF Nos. 101-6 (July 2, 2011 report of Defendant Overly stating that Plaintiff would be allowed in structure during daylight hours for purpose of cleaning), 101-7 (July 2, 2011 report of City of Elmira Police Officer Michael E. Dancer stating that Dancer spoke with Plaintiff and advised him that he was allowed to be on the property during daylight hours but not overnight). And Plaintiff continues to assert, and Defendants do not appear to dispute, that the

underlying prohibited occupancy and trespassing charges arise out of his presence on the property during the day. *See e.g.*, ECF No. 162-3 (June 2015 court information charging Plaintiff with trespass in violation of N.Y. Penal Law § 140.05 "at about 3:45 p.m."); ECF No. 173 at 21 ("All of the arrests and charges at issue here were based on the allegation that I was unlawfully present on the premises during daylight hours."). Defendants have not, therefore, demonstrated that reconsideration of the Summary Judgment Order is needed to prevent manifest injustice.

In sum, although Defendants now have evidence that casts serious doubt on Plaintiff's recollection of the May 2012 hearing, they have not demonstrated the need to prevent a manifest injustice as required to warrant reconsideration. Instead, Defendants have shown that there remains a genuine dispute as to whether they had probable cause to believe that the prosecution of Plaintiff would succeed. Defendants have therefore failed to demonstrate that they are entitled to reconsideration of the Summary Judgment Order and their motion is therefore denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration, ECF No. 169, is DENIED. The jury trial currently scheduled for January 29, 2024 is adjourned to **Monday, February 5, 2024 at 8:30 a.m**.

IT IS SO ORDERED.

Dated: January 23, 2024
       Rochester, New York

                                            HON. FRANK P. GERACI, JR.
                                            United States District Judge
                                            Western District of New York