UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                Plaintiff,

        v.                                              Case # 18-CV-6572-FPG

CITY OF ELMIRA, et al.,                        DECISION AND ORDER

                Defendants.
_____

## INTRODUCTION

After extensive motion practice and multiple adjournments, the Court scheduled a jury trial to begin on February 5, 2024. *See* ECF No. 181. On January 30, 2024, Plaintiff filed an affidavit seeking recusal under 28 U.S.C. §§ 144 and 455 and the Due Process Clause of the Fourteenth Amendment.[1] ECF Nos. 185, 193.[2] Defendants oppose the motion. ECF Nos. 190, 194. As explained below, Plaintiff's motion for recusal is DENIED. Jury selection will begin as scheduled on February 5, 2024 at 8:30 a.m.

## BACKGROUND

On September 12, 2023, the Court issued a Decision and Order granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiff's request for additional discovery under Federal Rule of Civil Procedure 56(d). *See* ECF No. 110 (the "Summary Judgment Order"). Shortly thereafter, the Court scheduled a status conference for October 3, 2023

---

[1] As explained below, the Court analyzes Plaintiff's due process claim under the Due Process Clause of the Fifth Amendment.

[2] Plaintiff initially filed his motion as an affidavit dated January 30, 2024 with exhibits. *See* ECF No. 185. On February 1, 2024, he refiled the motion with a declaration, the January 30, 2024 affidavit, and exhibits. *See* ECF No. 193.

1

to "hear from the parties as to the progress of this action and, if necessary, set a trial date." ECF No. 111. After hearing from the parties, the Court scheduled a jury trial for December 4, 2023 and issued a Pretrial Order, which scheduled a pretrial conference for November 15, 2023 and set the deadlines for the parties' pretrial submissions. *See* ECF No. 116 (the "October Pretrial Order"). The Court also orally denied Plaintiff's request for further discovery. *See* ECF No. 117.

Plaintiff did not file his pretrial submissions by the October Pretrial Order's November 1, 2023 deadline. *See* ECF No. 137. Nor did he request an extension of time. In light of Plaintiff's status as a *pro se* litigant, the Court, on its own motion, extended his deadline by five days, but warned Plaintiff that future failures could subject him to sanctions. ECF No. 127. Plaintiff again failed to comply, and, on November 8, 2023, the Court issued an Order to Show Cause (the "November Order to Show Cause") directing Plaintiff to respond in writing and show cause as to why the Court should not impose sanctions. ECF No. 131.

On the same day, Plaintiff filed a motion for reconsideration of the Summary Judgment Order. ECF No. 132. Five days later, he moved for reconsideration of the October Pretrial Order. ECF No. 135. The Court proceeded with the November 15, 2023 pretrial conference, at which Plaintiff appeared by telephone. *See* ECF No. 142. During that conference, Plaintiff explained that he could not comply with the October Pretrial Order and required counsel both to prepare for trial and to represent him at trial. *Id.* The Court rescheduled the trial for January 8, 2024 and issued a new Pretrial Order, which scheduled a pretrial conference for December 19, 2023 and set a December 5, 2023 deadline for the parties pretrial submissions. *See* ECF No. 140 (the "November Pretrial Order").

After the Court denied Plaintiff's motions for reconsideration, *see* ECF No. 141 (November 15, 2023 order denying as moot motion for reconsideration of October Pretrial Order), 150

(December 2, 2023 order denying Plaintiff's motion for reconsideration of the Summary Judgment Order), Plaintiff again failed to file his pretrial submissions by the deadline set out in the November Pretrial Order. The Court therefore issued a second Order to Show Cause requiring him to respond in writing and show cause as to why the Court should not impose sanctions. *See* ECF No. 153 (the "December Order to Show Cause"). Plaintiff responded and also moved for a one-hundred-twenty-day adjournment of the January 8, 2024 trial date. *See* ECF No. 156.

The Court again proceeded with the scheduled pretrial conference. *See* ECF No. 161. After hearing from Plaintiff, the Court again gave him another opportunity to file his pretrial submissions, extending his deadline to December 26, 2023. ECF No. 161. Plaintiff filed his submissions in accordance with the Court's extended deadline, ECF No. 162, but did not provide the Court or Defendants with physical exhibit books in accordance with the November Pretrial Order. *See* ECF No. 183.

Defendants then filed a motion to reconsider in light of recently unsealed state-court records. *See* ECF No. 169. In order to accommodate a briefing schedule, the Court rescheduled the trial from January 8, 2024 to January 29, 2024. *See* ECF No. 170. The Court issued a Decision and Order denying the motion on January 23, 2024. *See* ECF No. 181. Because of scheduling conflicts, the Court also rescheduled the jury trial for a final time, to February 5, 2024. *See id.* The trial remains scheduled for February 5, 2024.

## LEGAL STANDARD

### I.     28 U.S.C. 455

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "This provision governs circumstances that constitute an appearance of partiality,

even though actual partiality has not been shown." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 434 F.3d 120, 127 (2d Cir. 2003) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). That is, it "deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary." *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). In assessing whether recusal is required under § 455(a), a court must determine whether "an objective, disinterested observer[,] fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *Id.* The reach of § 455(a) "is commonly limited to those circumstances in which the alleged partiality 'stem[s] from an extrajudicial source.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 544 (1994)). However, an extrajudicial source is neither a necessary nor sufficient condition for recusal under § 455(a). *See Liteky*, 510 U.S. at 554.

Unlike § 455 (a), which addresses the *appearance* of partiality, §455(b) "addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). Section 445(b)(1) requires recusal where the judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). An affidavit in support of a motion pursuant to § 445(b)(1) requires a "factual demonstration of bias, not simply the appearance of impropriety." Section 455(b)(1) "entirely duplicate[s] the grounds of recusal set forth in" 28 U.S.C. § 144. *Liteky*, 510 U.S. at 548.

Whether to recuse is, in the first instance, committed to the sound discretion of the judge whose recusal is sought. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1998).

4

**II.     28 U.S.C. § 144**

Section 144 provides that, whenever a party to any district court proceeding "makes and files a timely and sufficient affidavit" that the judge has a "personal bias or prejudice" against him or in favor of an adverse party, "the judge shall proceed no further" and "another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. The affidavit must state the facts and the reasons for the party's belief that bias or prejudice exists. *Id.*

The filing of such an affidavit "does not automatically disqualify a judge." *Apple v. Jewish Hosp. and Medical Ctr.*, 829 F. 2d 326, 333 (2d Cir. 1987). "The affidavit must be 'sufficient,' to provide 'fair support' for the charge of partiality." *Id.* (citing *Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968) (per curiam)). "If it can be established that the affidavits submitted in support of a recusal motion are both 'timely and sufficient,' then the Court 'must accept them as true for the purpose of ruling upon their legal sufficiency, however unfounded they may be in fact.'" *United States v. Hicks*, Nos. 15-CR-33, 23-CV-166, 2024 WL 162880, at *3 (W.D.N.Y. Jan. 16, 2024) (quoting *IBM Corp.*, 475 F. Supp. at 1379)). If the affidavit sets forth a legally sufficient basis for recusal, another judge must be assigned to resolve the motion. *See* 28 U.S.C. § 144. But no such forbearance is required where the supporting affidavit is insufficient on its face. *See Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005) (per curiam). Sections 144 and 455(b)(1) "are to be construed in *pari materia*." *Apple*, 829 F.2d at 333. That is, "[t]he analysis is the same under both sections . . . it looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context." *Id.* It is within the Court's discretion to determine whether the affidavit is legally sufficient. *See id.*

Whether a party moves for recusal under § 455 or § 144, a judge "is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

**III.     Due Process**

"A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133 (1955). "The constitutional fair trial requirement is indeed a 'stringent rule,' and will bar trial when the appearance of justice is not satisfied as well as in instances of actual bias." *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 932 n. 11 (2d Cir. 1980). This right is independent from the rights conferred by 28 U.S.C. §§ 144 and 455, and "may well force recusal in instances where the statutes are not technically applicable." *Id.* (citing *United States v. Sciuto*, 531 F.2d 842, 845 (7th Cir. 1976); *United States v. Conforte*, 457 F. Supp. 641, 659 (D. Nev. 1978)).

However, the recusal statutes were enacted to protect Fifth Amendment guarantees, and it would therefore be "anomalous to hold that a claim under the statutes insufficient on its merits could nevertheless satisfy the constitutional standard." *Residents & Families United to Save Our Adult Homes v. Zucker*, No. 16-CV-1683, 2017 WL 5641043, at *3(E.D.N.Y. Nov. 22, 2017) (citing *United States v. Int'l Bus. Machs. Corp.*, 857 F. Supp. 1089, 1097 (S.D.N.Y. 1994). Accordingly, where a movant's claim under §§ 144 and 455 fails and does not mandate recusal, recusal is likewise unwarranted under the Due Process Clause. *See id.* (citing *In re Int'l Bus. Machs. Corp.*, 618 F.2d at 932 n.11).

**DISCUSSION**

**I.      Timeliness**

While, unlike § 144, § 455 does not contain an express timeliness requirement, the Second Circuit has construed § 455 to require a timely application. *See Apple*, 829 F.2d at 333. "[I]n considering the question of timeliness, the actual time elapsed between the events giving rise to the charge of bias or prejudice and the making of the motion is not necessarily dispositive." *Id.* at 333-34. In considering this "threshold issue," the court must examine "[a] number of other factors," including whether "(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *Id.* (internal citations omitted).

Analysis of the first factor is straightforward, as Plaintiff has been a "full participant in this litigation." *United States v. Brinkworth*, 68 F.3d 633, 639 (2d Cir. 1995). He has sought this Court's review of rulings by Magistrate Judge Marian W. Payson, *see* ECF Nos. 94, 97, filed responses to Defendants' motions, *see e.g.*, ECF Nos. 100, 172-176, and filed motions of his own. *See* ECF Nos. 132, 135, 156. Moreover, his submissions have been extensive, *see e.g.*, ECF No. 100 (affidavit and exhibits in opposition to summary judgment motion numbering over three-hundred pages); ECF No. 132 (motion for reconsideration numbering over one-hundred thirty-five pages); ECF No. 173 (declaration and exhibits in opposition to Defendants' motion for reconsideration numbering over three-hundred pages).

As for the second factor, the Court is not persuaded by Plaintiff's argument that disqualification would "not significantly delay or disrupt the orderly resolution of this case and would not be a waste of judicial resources." ECF No. 193-2 at 60. Plaintiff filed his motion less

than a week before a jury trial was scheduled to begin. Another judge would therefore need to become familiar with the facts of the case, the parties, the evidence to be offered by both parties, and in general, the voluminous record in this case. Further delaying trial in a "case already [over five] years underway" would therefore cause "substantial delays and [a] consequent waste of judicial resources." *Brinkworth*, 68 F.3d at 639.

To support his argument, Plaintiff mischaracterizes this Court's "active involvement" in this case, stating that it "traces only as far back as October 5, 2023." ECF No. 193-2 at 60. But as the docket demonstrates, this Court's active involvement predates the October Pretrial Order. *See e.g.*, ECF No. 96 (March 23, 2023 Decision and Order overruling Plaintiff's objections to Magistrate Judge Payson's order granting Defendants an extension of time to file dispositive motions); ECF No. 98 (April 10, 2023 Decision and Order overruling Plaintiff's objections to Magistrate Judge Payson's order denying reconsideration of determination that Defendants had waived only certain objections to discovery requests); ECF No. 110 (September 12, 2023 Decision and Order granting in part and denying in part Defendants' motion for summary judgment). Moreover, in the last five months, the Court has ruled on two lengthy motions for reconsideration, one filed by Plaintiff and one by Defendants. *See* ECF Nos. 150, 181. Given the Court's active involvement in this case and the looming trial date, the Court concludes that this factor weighs against a finding of timeliness. *See Weisshaus v. New York*, No. 08 Civ. 4053, 2009 WL 4823932, at *4 (S.D.N.Y. Dec. 15, 2009) (concluding that recusal motion was untimely where the court had already expended significant resources in overseeing pretrial proceedings and adjudicating plaintiff's claims).

The third factor weighs in favor of a finding of timeliness, as no judgment has been entered in this case.

As to the fourth factor, Plaintiff asserts that, to the extent there was a delay in bringing this motion, Defendants caused that delay by filing "frivolous" motions in this and another case involving both Plaintiff and Defendants' counsel. ECF No. 193-2 at 57-61. Even if the Court were to accept Plaintiff's representation that he only learned of the facts that, in his view, justify recusal on December 19, 2023, the Court notes that delays of less than two weeks have been considered untimely. *See In re Martin–Trigona*, 573 F. Supp. 1237, 1244-45 (D. Conn. 1983) (motion untimely when filed twelve days after hearing giving rise to purported basis for disqualification), *appeal dismissed*, 770 F.2d 157 (2d Cir.1985), *cert. denied*, 475 U.S. 1058 (1986). The Court also acknowledges, however, that Defendants filed a motion for reconsideration with hundreds of pages of exhibits to which Plaintiff needed to respond. *See* ECF No. 169. The Court therefore finds that the "good cause" factor weighs in Plaintiff's favor, but only slightly.

Although judgment has not been entered and, Plaintiff had cause for at least some of the delay in seeking recusal, his extensive participation in the litigation and the fact that he filed this motion less than one week before a jury trial is scheduled to begin weigh against finding that his disqualification motion is timely. Nevertheless, because recusal "'strikes at the integrity of the judicial process,' concern for that integrity recommends that [the Court] press on to matters of substance." *United States v. El-Gabrowny*, 844 F. Supp. 955, 959 (S.D.N.Y. 1994).

## II.     Grounds for Recusal

Plaintiff's asserts three broad grounds for disqualification that can be grouped into three categories: (1) the conduct of the October 2023 status conference; (2) comments made during the November 2023 and January 2024 conferences; and (3) the Court's rulings on the parties' motions. The Court considers each grounds below.

### a.  The October 3, 2023 Status Conference

Plaintiff takes issue with the conduct of the October 3, 2023 status conference at which the Court denied Plaintiff's request for further discovery and set a trial date of December 4, 2023. Plaintiff argues that the Court's (1) purported failure to comply with Magistrate Judge Payson's scheduling order, which directs the parties to file a joint status report seven days prior to a trial date status conference and (2) decision to set a trial date reflect "clear and unmistakable evidence of bias and prejudice that warrants his recusal."[3] ECF No. 193-2 at 36-40. The Court disagrees.

As a general matter, "[j]udicial case management is left to the discretion of the trial court and does not provide a basis for recusal." *Farkas v. Ellis*, 768 F. Supp. 476, 479 n.6 (S.D.N.Y. 1991) (citing *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980), *cert denied*, 450 U.S. 999 (1981)). The Court's decision to set a trial date after hearing from the parties at the October 3 status conference was within the Court's discretion as a matter of judicial case management and does not, therefore, provide a basis for recusal. *See id.* Plaintiff's conclusory allegations that this judicial act demonstrates actual bias or establishes the appearance of bias fall short of what is required to demonstrate that recusal is warranted under 28 U.S.C. §§ 144 and 455. *See Giladi v. Strauch*, 1996 WL 18840, at * (S.D.N.Y. Jan. 18, 1996) (denying disqualification motion where plaintiff offered only conclusory assertions that judicial acts and statements could only be explained by personal bias).

### b. The Court's Comments at the December and January Conferences

Plaintiff also argues that certain comments during two later conferences warrant recusal. After rescheduling the trial from December 4, 2023 to January 8, 2024, the Court held a pretrial conference on December 19, 2023. *See* ECF Nos. 140, 142, 161. At the December 19 conference, having reviewed Plaintiff's response to the December Order to Show Cause, the Court asked

---

[3] Plaintiff also asserts that the Court's oral denial of further discovery warrants disqualification. This ruling is discussed below. *See* Section II.c, *infra*.

Plaintiff to further explain why he could not prepare his pretrial submissions. Plaintiff reiterated that he did not know how to prepare his pretrial submissions and did not want to bind the attorney he hoped to retain to represent him at trial. *See* ECF No. 193-2 at 16. Given Plaintiff's demonstrated ability to, among other things, prepare dispositive motions citing relevant law and procedural rules, the Court was skeptical of Plaintiff's explanation and, according to Plaintiff, characterized it as "farcical." *See id.* at 16-17. Plaintiff asserts that this comment "demonstrates extreme bias and prejudice—directed at him personally." *Id.* at 17.

Plaintiff also takes issue with the Court's statements during the December 19 conference addressing Plaintiff's medical care and his efforts to retain trial counsel. Regarding his claim that he had been referred to an intensive outpatient treatment program, Plaintiff advised the Court that he had spoken to someone involved in the program and was scheduled to meet with her for intake on December 22. ECF No. 193-2 at 22. In the absence of written documentation, the Court was skeptical of Plaintiff's assertion. Plaintiff, however, claims that the Court's attitude demonstrated that it was acting out of malice because written documentation is not normally provided as part of the intake process and because it would not make sense for Plaintiff to provide "such a detailed account [of his medical treatment] unless it was the truth." ECF No. 193-2 at 24.

With regard to Plaintiff's efforts to retain trial counsel, the Court was similarly skeptical, and asked for proof that Plaintiff had made such efforts. Specifically, the Court asked Plaintiff to identify the attorneys with whom he had spoken. ECF No. 193-2 at 24. Plaintiff declined and offered to provide the names for *in camera* review, which the Court rejected. *See id.*

While the Court's comments may have been sharp, they do not demonstrate either the actual bias or the appearance of bias required to warrant recusal. To begin, the Court does not consider these comments to be "extrajudicial." As explained in the Court's December Order to

Show Cause, the Court formed its opinion that Plaintiff had adequate knowledge to prepare his pretrial submissions on the basis of the educational background that he disclosed during a prior conference and his demonstrated ability to file extensive, substantive motions before this Court. *See* ECF No. 153 at 2.  The Court's opinion that Plaintiff's explanations lacked credibility was grounded on this same information, in addition to Plaintiff's written and oral explanations, all of which the Court learned in the course of these and prior proceedings.  *See Liteky*, 510 U.S. at 555. Moreover, the Court's skepticism of Plaintiff's claims regarding his medical care were likewise based on Plaintiff's filings and the explanation he offered during the December 19 conference.  As was the Court's skepticism that Plaintiff had spoken with several attorneys about representing him at trial in this case.  Nevertheless, because "[t]he fact that an opinion held by a judge derives from" an extrajudicial source is neither a necessary nor sufficient to establish bias, *see id.* at 554-55, the Court will consider whether this comment displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible," *id.* at 555, such that recusal is warranted.

A judge's comments during a proceeding that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display deep-seated favoritism or antagonism that would make fair judgments impossible." *Liteky*, 510 U.S. at 555.  Nor can partiality be established through "expressions of impatience, dissatisfaction, annoyance and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *United States v. Wedd*, 993 F.3d 104, 115 (2d Cir. 2021).

Here, Plaintiff has failed to demonstrate that the Court's comments display the deep-seated favoritism or antagonism that warrants recusal. Plaintiff may disagree with the Court's determination that his explanations lacked credibility. He may also be dissatisfied with the manner in which the Court expressed its conclusion. And the Court acknowledges that it could have expressed itself more patiently. But as explained in the December Order to Show Cause and at the December 19 conference, the Court's determination was grounded in its assessment of Plaintiff's conduct throughout these and prior proceedings. *See Liteky*, 510 U.S. at 55; *Carlton*, 534 F.3d at 100. Because Plaintiff repeatedly failed to comply with this Court's orders, it was reasonable to request proof that medical treatment would actually prevent him from proceeding to trial. Moreover, it appears that skepticism was warranted, as Plaintiff continued to litigate in related state-court proceedings and in his other cases before this Court despite submitting a doctor's note stating that Plaintiff should not work on his cases for three months. *See* ECF No. 158 ¶¶ 34-40; *see also* ECF No. 154-1 (December 11, 2023 letter from Plaintiff's primary care provider stating that Plaintiff should not be working on his cases for one to three months because of its adverse influence on his mental health).

And, with respect to Plaintiff's representation that he had spoken with multiple attorneys, the Court's reaction similarly reflected frustration with Plaintiff's delay in attempting to secure counsel, despite knowing that this matter could proceed to trial after resolution of Defendants' motion for summary judgment. *See* ECF No. 84 at 2 ("A trial date status conference . . . will be held, if necessary, . . . after the determination of dispositive motions" (emphasis in original)). Plaintiff's insistence that, without counsel, he was unable to prepare and file his pretrial submissions—which he ultimately did—despite his demonstrated capacity for preparing legal documents, further contributed to that frustration. Contrary to Plaintiff's assertions, these

13

comments do not therefore demonstrate "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555; *see also SEC v. Razmilovic*, No. 04-CV-2276, 2010 WL 2540762, at *4 (E.D.N.Y. Jun. 14, 2010) (characterization of defendant's conduct as arrogance insufficient to demonstrate deep-seated favoritism toward plaintiff or antagonism toward defendant to warrant recusal). Ultimately, these comments reflect a sharp, and perhaps too impatient, expression of the Court's determination that Plaintiff's explanations lacked credibility. But because it was "untied to any bias or prejudice," the Court's "determination of credibility . . . cannot be the basis of recusal." *Burhans v. Amler*, No. 06 Civ. 8325, 2009 WL 10741846, at *3 (S.D.N.Y. May 14, 2009).

Turning to the January 24, 2024 status conference, which was held in another of Plaintiff's cases currently pending before this Court,[4] Plaintiff argues that the Court sought out extrajudicial information, in the form of an intercity bus schedule, to personally attack him. *See* ECF No. 193-2 at 49-50. But this too merely reflected the Court's frustration with Plaintiff, which stemmed in part from the fact that Plaintiff asked to appear by telephone just a few hours before the status conference was set to begin. *See Wedd*, 993 F.3d at 115. And, while the bus schedule may constitute an extrajudicial source, the Court's opinion that Plaintiff could have taken the bus to appear in person does not reflect an extrajudicial source of *bias* such that recusal is required. *See e.g.*, *United States v. Wecht*, 484 F.3d 194, 220-21 (3d Cir. 2007) (extensive quoting from defense counsel's website, even if inappropriate and not necessary to the district court's conclusion, did not demonstrate degree of antagonism that would make fair judgment impossible). Instead, the Court referred to the bus schedule only to show that Plaintiff in fact could have appeared in person.

---

[4] *Murphy v. Chemung County, et al.*, No. 17-CV-6339 (W.D.N.Y.).

The fact that the Court expressed its dissatisfaction by reference to that information does not, under these circumstances, warrant recusal.

The Court acknowledges that only Plaintiff has been the subject of the Court's frustration. But that is because Defendants have consistently complied with the Court's deadlines and orders. *Carlton*, 534 F.3d at 100 ("[O]pinions held by judges as a result of what they learned in earlier proceedings in a particular case are not ordinarily a basis for recusal."). Defense counsel has also taken the time to appear in person, despite being located about two hours from the courthouse in Rochester. *See* ECF No. 163 (documenting counsel's travel distance and time).

Although the Court has at times sharply expressed its frustration with Plaintiff, these comments do not establish the existence of actual bias or the appearance of bias required to warrant recusal under 28 U.S.C. § 144 or 455.

### c. Judicial Rulings

Plaintiff also argues that three written decisions of this Court warrant disqualification: (1) the overruling of Plaintiff's objections to Magistrate Judge Payson's denial of his motion for reconsideration, ECF No. 93 (the "Objections Order"); (2) denial of his motion for reconsideration under Rule 54(b), ECF No. 150 (the "First Reconsideration Order"); and (3) the denial of Defendants' motion to unseal, ECF No. 138 (the "Unsealing Order"). ECF No. 193-2 at 41-48, 51-52. He also asserts that the Court's denial of further discovery at the October 3, 2023 status conference also warrants disqualification.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007); *see also Liteky*, 510 U.S. at 555. Accordingly, where the grounds for disqualification "are comprised of 'judicial rulings [and] routine trial administration efforts,' [it] is not warranted absent proof that those rulings either

15

rely upon knowledge acquired outside such proceedings or 'display deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Walker v. Cuomo*, No. 17-CV-650, 2018 WL 6380369, at *1 (N.D.N.Y. Dec. 6, 2018) (quoting *Liteky*, 510 U.S. at 556).

Plaintiff has failed to demonstrate that any of the three rulings with which he takes issue demonstrate that kind of favoritism or antagonism on the part of the Court. Each of the three rulings "occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *United States v. Diaz*, 176 F.3d 52, 112 (2d Cir. 1999).

With respect to the Objections Order, he baldly asserts, with no factual support that this Court's ruling "clearly demonstrates such a high degree of bias, partiality, antagonism and favoritism as to make clear that [Plaintiff] will not receive a fair trial or fair hearing on any matter or issue." ECF No. 193-2 at 43. The same is true with respect to the Court's denial of the First Reconsideration Order, which he asserts "makes clear that [the Court] is neither fair nor impartial, but [rather] biased, partial, and prejudiced." *Id.* at 47. He provides no factual support for these assertions, however, relying entirely on his disagreement with the Court's legal conclusions. "That [disagreement] alone does not constitute a valid basis for a bias or partiality motion." *Walker*, 2018 WL 6380369, at *1; *see also United States v. Colon*, 961 F. 2d 41, 44 (2d Cir. 1992) (stating that without more, earlier adverse rulings do not provide a reasonable basis for questioning a judge's impartiality).

As for the Unsealing Order, although this decision was not, strictly speaking, adverse to Plaintiff, he takes issue with the Court's conclusion that he waived the protection of New York's sealing statute by commencing a civil action and placing protected information into issue. *See* ECF No. 138 at 4 (citing *Green v. Montgomery*, 219 F.3d 52, 57 (2d Cir. 2000); *Wright v. Snow*,

16

175 A.D.2d 451, 452 (3d Dep't 1991)). In particular, he views this statement as "wholly unreasonable, improper, gratuitous and deliberately prejudicial" because it was "not a matter for this Court to decide, prejudge or express its views or opinions on." ECF No. 193-2 at 51. Again, however, he provides no factual support for the conclusion that this aspect of the Court's decision either demonstrates actual bias or partiality or creates the appearance of partiality. Instead, he merely disapproves of the Court's conclusion, which was grounded in the application of legal principles to the facts before it. That is insufficient to warrant disqualification. *See Walker*, 2018 WL 6380369, at *1; *Colon*, 961 F. 2d at 44.

Plaintiff likewise takes issue with the Court's oral denial of his request for additional discovery at the October 3, 2023 status conference. Here too, Plaintiff attempts to transform his legal argument that this decision was incorrect into factual support for his assertions of bias and partiality. *See e.g.*, ECF No. 193-2 at 36 (asserting that "no fair and informed federal judge would find this case ready for trial" because Defendants had not complied with their discovery obligations under Federal Rule of Civil Procedure 37(a)(2)), 38 (asserting that the Court rejected "peremptorily and out-of-hand" his explanation that there had not been legally acceptable discovery). Although the Court's denial of further discovery was adverse to Plaintiff, he has not provided proof that this ruling either relied upon knowledge acquired outside of these proceedings or displayed "deep-seated favoritism or antagonism that would make fair judgment impossible." *Walker*, 2018 WL 6380369, at *1. He simply disagrees with the Court's decision. That is not a proper basis for recusal. *See Litkey*, 510 U.S. at 555.

Plaintiff also argues that the October Pretrial Order's statement that the trial date "will not be adjourned" was "arbitrary, gratuitous and unreasonable—and shows bias and prejudice" because the Court ultimately did adjourn the trial in response to Defendants' motion for

17

reconsideration. ECF No. 193-2 at 41. Contrary to Plaintiff's insinuation, nothing about this standard language indicates that the Court was targeting Plaintiff. Moreover, the fact that the Court ultimately did adjourn the trial does not warrant disqualification, as "[s]cheduling is within the realm of judicial case management which is left to the discretion of the trial court and which does not provide a basis for recusal." *Lamborn v. Dittmer*, 726 F. Supp. 510, 517 (S.D.N.Y. 1989).

Finally, the Court notes that its rulings in this case have been far from one-sided. *See e.g.*, ECF Nos. 110 (denying in part Defendants' motion for summary judgment), 138 (denying Defendants' motion to unseal state-court records), 181 (denying Defendants' motion for reconsideration and declining to conclude that Plaintiff had intentionally misled the Court). Moreover, the Court has extended considerable leniency to Plaintiff in recognition of his status as a *pro se* litigant. For example, although Plaintiff failed to either comply with the October Pretrial Order's pretrial submission deadline or ask for an extension of that deadline, the Court extended his initial deadline to file his pretrial submissions *sua sponte*. *See* ECF No. 137. It then extended that deadline again at the December Pretrial Conference, to just two weeks before the rescheduled trial date. *See* ECF No. 161 (extending deadline to December 26, 2023 and leaving January 8, 2024 trial date in place). The Court has also granted multiple extension requests, most recently granting such a request made two days after the relevant deadline had passed. *See* ECF No. 177. The Court therefore rejects Plaintiff's assertion that the Court is "in [Defendant's] pocket." ECF No. 193-2 at 64.

As explained above, Plaintiff has failed to establish that either the Court's conduct of the status and pretrial conferences in this case or comments made during those conferences demonstrate actual bias or partiality or objectively create the appearance of partiality such that disqualification is warranted under 28 U.S.C. §§ 144 or 455. There is therefore no basis to

conclude that the Court's rulings constitute a valid basis for recusal. Moreover, because Plaintiff's affidavit is legally insufficient under 28 U.S.C. § 144, it was proper for this Court to resolve his application.

### d. Conclusion

Plaintiff has failed to demonstrate that any of his asserted grounds for recusal would cause "an objective, disinterested observer[,] fully informed of the underlying facts, [to] entertain significant doubt that justice would be done absent recusal," as required to warrant recusal under 28 U.S.C. § 455(a). He has also failed to demonstrate the existence of personal bias or prejudice toward him as required to warrant recusal under 28 U.S.C. §§ 144 and 455(b). Finally, because his motion under the statutory recusal provisions fails, recusal is likewise unwarranted under the Due Process Clause.

At over five years old, this case is one of the oldest cases on the Court's calendar. The Court has ruled on dispositive motions and two motions to reconsider those rulings. The case is ready for trial. However, Plaintiff has again stated that he will not appear for trial on February 5, 2024. ECF Nos. 185 at 69, 75; 193-1 at 5; 193-2 at 69, 75; *see also* ECF No. 139 (noting that "on advice of counsel," Plaintiff would not appear for trial on December 4, 2023). Prospective jurors, on the other hand, will be present. Defendants and counsel will be present. The Court will be ready to proceed. Jury selection will therefore begin as scheduled on Monday, February 5, 2024 at 8:30 a.m.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for recusal, ECF No. 193, is DENIED. Jury selection will proceed as scheduled on Monday, February 5, 2024 at 8:30 a.m.

IT IS SO ORDERED.

Dated: February 2, 2024
       Rochester, New York

                                               HON. FRANK P. GERACI, JR.
                                               United States District Judge
                                               Western District of New York