UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                             Plaintiff,                         ORDER

v.                                                                      Case # 18-CV-6572-FPG

CITY OF ELMIRA, et al.,

                             Defendants.
_____

## INTRODUCTION

Jury selection in this case was scheduled to begin at 8:30 a.m. on Monday, February 5, 2024. Plaintiff failed to appear at that time. The Court adjourned the proceedings, and, after reconvening about an hour later, Defendants moved to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court granted Defendants' motion and dismissed Plaintiff's case with prejudice. This Order further articulates the Court's reasons for dismissing Plaintiff's case.

## BACKGROUND

The Court assumes familiarity with the factual background and procedural history of this matter. After rescheduling a jury trial in this matter twice, the Court scheduled jury selection to begin on February 5, 2024 at 8:30 a.m. *See* ECF No. 181. On January 30, 2024, Plaintiff moved for recusal and stated that he would not appear for trial should the Court deny his motion. *See* ECF No. 193-1 at 3. After denying Plaintiff's motion on February 2, 2024, the Court reiterated that jury selection would proceed as scheduled. *See* ECF No. 195. About seven hours before jury selection was set to begin, Plaintiff filed a "response" to the Court's February 2, 2024 decision reiterating that he would not appear for trial. *See* ECF No. 196 at 2-5.

1

Defendants, their counsel, and prospective jurors appeared for jury selection at 8:30 a.m. Plaintiff did not. The Court adjourned the proceedings until 9:30 a.m. When Plaintiff still had not appeared by that time, Defendants moved to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Court granted Defendants' motion and dismissed the case with prejudice.

## DISCUSSION

A defendant may move to dismiss an action or any claim against it if the plaintiff fails to prosecute his case. Fed. R. Civ. P 41(b). A failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982); *see Jones v. City of Rochester*, No. 20-CV-545-FPG, 2022 WL 1668508, at *2 (W.D.N.Y. May 25, 2022). "[D]ismissal is a harsh remedy and is appropriate only in extreme situations," and "district courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Nevertheless, as explained below, the Court concludes that Plaintiff's repeated failures to comply with the Court's orders and his refusal to appear for trial warrant dismissal of his case.

I. **The *Drake* Factors**

The Second Circuit has set out five factors that "limit a trial court's discretion" in determining whether dismissal for failure to prosecute is appropriate. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254

2

(2d Cir. 2004)).  When analyzing a motion to dismiss for failure to prosecute, the Court must consider the five "*Drake* factors"—that is, whether:

> (1) the plaintiff's failure to prosecute has caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Drake*, 375 F.3d at 254.  "[N]o one factor is dispositive," and the Court should consider "the dismissal in light of the record as a whole." *Id.* (internal quotation marks omitted).

The first factor, whether plaintiff's failure to prosecute has caused a delay of significant duration weighs in favor of dismissal.  In analyzing the first factor, a court considers "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255.  The Second Circuit has recognized that delays of as little as six months are "significant" for the purposes of this analysis. *Id.*  On October 3, 2023, the Court scheduled a jury trial in this case for December 4, 2023.  *See* ECF No. 117.  After Plaintiff failed to comply with the Court's Pretrial Order, and after he requested a 120-day adjournment, the Court rescheduled the trial for January 8, 2024.  *See* ECF No. 140.  The Court subsequently adjourned the trial, initially to January 29, 2024 in light of Defendant's motion for reconsideration and then to February 5, 2024 in light of the Court's availability.  *See* ECF Nos. 170, 181.  This delay of about two months may seem relatively minor.  However, because the Court's trial calendar is currently booked until at least July 2024, Plaintiff's conduct has caused a delay of at least six months.  *See Vance v. Engstrom*, No. 18-cv-748, 2022 WL 16949659, at *6 (N.D.N.Y. Nov. 15, 2022) (concluding first factor weighed in favor of dismissal where court's trial calendar was full

3

until at least seven months after failure to appear). Additionally, this case, being nearly six years old, is one of the oldest cases on the Court's calendar. The Court therefore concludes that Plaintiff's conduct has caused a significant delay, and this factor therefore weighs in favor of dismissal.

The second factor also weighs in favor of dismissal, as Plaintiff has received adequate notice that his case may be dismissed should he fail to comply with the Court's orders. "While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014). Plaintiff has been warned that noncompliance with this Court's orders could result in sanctions, including dismissal. *See e.g.*, ECF No. 127 (text order identifying dismissal as potential sanction for failure to comply with Court's Pretrial Order); ECF No. 153 (Order to Show Cause warning plaintiff that failure to comply will result in dismissal). Moreover, Plaintiff has repeatedly informed the Court that he is aware that his failure to appear at trial would result in dismissal. *See e.g.*, ECF No. 139 at 8 ("On the advice of counsel, I will not proceed to trial on December 4 . . . I am prepared to suffer dismissal or judgment by default against me. . . ."); ECF No. 193-1 at 3 ("Defendants are advised to proceed and plan accordingly with their threatened motion to dismiss under Fed. R. Civ. P. 41(b)."). Therefore, although Plaintiff is proceeding *pro se*, the Court finds that this factor weighs in favor of dismissal because Plaintiff had notice that his failures to comply with the Court's orders could result in dismissal.

The third factor also weighs in favor of dismissal. Although prejudice resulting from unreasonable delay may be presumed as a matter of law, even absent such a presumption,

4

Defendants have been prejudiced by preparing for a trial that did not go forward. *See Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (noting that defendants were prejudiced by time and money spent on trial preparation and further delays that would have likely resulted in witnesses being unavailable or in their diminished recollection of events at issue). Moreover, because this case "has been pending for" over five years, "Defendants will be prejudiced by any further delay in these proceedings." *Wingate v. Burke*, No. 14-CV-4063, 2022 WL 3362164, at * 5 (E.D.N.Y. Apr. 18, 2022). This factor therefore weighs in favor of dismissal.

As to the fourth factor, balancing the need to alleviate court congestion against a plaintiff's right to an opportunity for a day in court, the Court first notes that "failing to appear for jury selection or trial weighs in favor of dismissal, even where a plaintiff otherwise does not 'significantly burden the Court.'" *Wingate*, 2022 WL 3362164, at *5. Moreover, this is not a case where Plaintiff has simply silently failed to proceed in a timely fashion. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (noting this factor weighed against dismissal where plaintiff's failure to prosecute was "silent and unobtrusive rather than vexatious and burdensome"). For example, instead of complying with the extended deadline to file his pretrial submissions, Plaintiff filed a 135-page motion for reconsideration. *See* ECF No. 127 (November 2, 2023 text order extending deadline to file pretrial submissions to November 6, 2023); ECF No. 131 (November 8, 2023 order to show cause), 132 (November 8, 2023 motion for reconsideration). Therefore, in light of Plaintiff's repeated failures to comply with this Court's orders and his willful failure to appear for jury selection, this factor weighs in favor of dismissal.

Finally, the Court has considered the efficacy of lesser sanctions and concludes that no lesser sanction is appropriate under the circumstances. Because Plaintiff is proceeding *in forma*

*pauperis*, a monetary sanction is unlikely to change his behavior. *Wingate*, 2022 WL 3362164, at *5. In fact, the Court has already expressed its willingness to impose monetary sanctions, *see* ECF No. 161, but Plaintiff has continued to flout the Court's orders. Moreover, Plaintiff willfully failed to appear while knowing that such a failure would result in dismissal. *See* ECF No. 193-1 at 3 (advising Defendants to proceed with a Rule 41(b) motion on the trial date); ECF No. 196 at 3 (acknowledging that failure to appear would likely result in dismissal). The Court therefore has no reason to believe that lesser sanctions would be effective in changing his behavior.

In sum, the Court has assessed the *Drake* factors and finds that all five weigh in favor of dismissal.

### II.     Failure to Appear at Trial

Although the Court has concluded that the *Drake* factors weigh in favor of dismissal, the Court acknowledges that there are situations in which the *Drake* factors may not be "particularly helpful." *Lewis*, 564 F.3d at 577. A plaintiff's willful failure to appear for trial is one such situation. The Second Circuit has therefore recognized a "related, yet analytically distinct" grounds for dismissal under Rule 41(b), separate from the *Drake* factors, "under which 'it is beyond dispute . . . that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial.'" *Doe v. Winchester Bd. Of Educ.*, No. 10-CV-1179, 2017 WL 214176, at *11 (D. Conn. Jan. 18, 2017) (citing *Lewis*, 564 F.3d at 579-80).

Therefore, when the Court "is confronted with a plaintiff's unwillingness to proceed on the date scheduled for trial, as opposed to the more typical failure to comply with [his] discovery obligations on time, or to meet some other pre-trial deadline, it is not unreasonable to consider treating such unwillingness more severely." *Id.* In fact, where a plaintiff does not appear for trial,

"Rule 41(b) dismissal is particularly appropriate. Indeed, such behavior constitutes the epitome of a 'failure to prosecute.'" *Frederick v. Murphy*, No. 10-CV-6527, 2018 WL 10247403, at *5 (W.D.N.Y. Apr. 16, 2018) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir. 1999)). Moreover, although dismissal with prejudice is "particularly appropriate" when a party fails to appear "after the jury ha[s] been drawn," *Lewis*, 564 F.3d at 581, it may also be appropriate where, as here, the party has failed to appear before the jury has been selected. *See e.g.*, *Frederick*, 2018 WL 10247403, at *7 (dismissing with prejudice where Plaintiff failed to proceed and jury had not yet been selected).

This analysis, like the *Drake* factors, supports the Court's decision to dismiss Plaintiff's case with prejudice. Despite Plaintiff's failures to comply with the Court's orders, the Court has attempted to accommodate his right to have his day in court. *See e.g.*, ECF No. 127 (November 2, 2023 text order extending *sua sponte* Plaintiff's deadline to file pretrial submissions); ECF No. 140 (Pretrial Order rescheduling trial to January 8, 2024); ECF No. 161 (minute entry reflecting Court's further extension of Plaintiff's deadline to file pretrial submissions to December 26, 2023); ECF No. 183 (January 25, 2024 text order extending Plaintiff's deadline to provide Court and Defendants with exhibit books as required by Pretrial Order). Plaintiff responded by promising not to appear at least two of the scheduled trial dates. *See* ECF No. 139 at 8 ("On the advice of counsel, I will not proceed to trial on December 4. . . ."); ECF No. 185 at 69 ("I'll say it now – and let the record be clear on this fact: I will not appear for trial on February 5, 2024."); ECF No. 193-1 at 3 ("I already made clear that I will not appear for trial on February 5, 2024").

On February 5, Plaintiff followed through with his promise. Fifty-one prospective jurors, on the other hand, reported for service. Some of those jurors had traveled up to two hours to get

7

to the courthouse. Others had taken time away from work or childcare and healthcare responsibilities to report for service. This Court cannot "permit a party to defy Court orders, waste Court resources, disrupt the lives of potential jurors, witnesses, and opposing counsel, and prejudice the opposing party in this manner." *Frederick*, 2018 WL 10247403, at *6 (quoting *Njema v. Wells Fargo Bank, N.A.*, No. 13-CV-519, 2016 WL 308780, at *5 (D. Minn. Jan. 25, 2016), *aff'd* 673 F. App'x 609 (8th Cir. 2017)). Plaintiff's case must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) is GRANTED. Plaintiff's Amended Complaint, ECF No. 9, is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 7, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York